**Larry THOMPSON, Appellant,**

v.

**TEXAS DEPARTMENT OF HUMAN RESOURCES, Appellee.**

No. 04–92–00475–CV.

Court of Appeals of Texas, San Antonio.

June 30, 1993.

Rehearing Denied Aug. 26, 1993.

483

James E. Porter, Law Offices of James E. Porter, San Antonio, for appellant.

Leslie L. McCollom, Asst. Atty. Gen., Child Support Enforcement, Austin, for appellee.

Before REEVES, C.J., and CHAPA and RICKHOFF, JJ.

## OPINION

CHAPA, Justice.

Appellant, Larry Thompson, questions a nunc pro tunc judgment that purports to correct a clerical error in a nonsuit order of a paternity suit rendered twelve years earlier.

Specifically, appellant's sole point of error states: "There was no clerical error and the original judgement was not subject

to correction by entry of judgment nunc pro tunc." Although the point of error is multifarious and violates Texas Rule of Appellate Procedure 74, we will nevertheless consider it a no evidence point in the interest of justice.[1]

On December 15, 1977, appellee Texas Department of Human Resources, acting by and through Olicea D. Taylor, brought a paternity suit against appellant Larry Thompson.

On September 18, 1980, the appellee filed a written motion for nonsuit, specifying that the nonsuit be granted "without prejudice."

On October 14, 1980, the trial court entered a judgment specifically granting appellee's motion for nonsuit, but inconsistently stating "with prejudice" instead of "without prejudice" as had been requested in the motion.

On June 26, 1992, a motion for nunc pro tunc relief was filed to correct the "with prejudice" language of the October 14, 1980 nonsuit order, which was alleged to be a clerical error.

On June 29, 1992, the nunc pro tunc motion was granted by the same judge who had originally granted the nonsuit judgment of October 14, 1980. The granted nunc pro tunc judgment, which is the subject of this appeal, corrects the nonsuit judgment of October 14, 1980 to read "without prejudice" as had been originally requested in appellee's September 18, 1980 motion for nonsuit.

▬ The record before us consists of a statement of facts of the nunc pro tunc hearing only and the transcript. The statement of facts contains no testimony, but only the arguments of counsel. Since no findings of facts and conclusions of law were requested or filed, this court must affirm the judgment if it can be sustained on any reasonable theory supported by the evidence and authorized by law. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977), *rev'd in part on other grounds, Cherne*

*Indus., Inc. v. Magallanes*, 763 S.W.2d 768 (Tex.1989).

## NONSUIT

[T]he granting of a nonsuit is merely ministerial, ... a plaintiff's right to nonsuit of its own action exists at the moment a motion is filed, ... the only requirement is the mere filing of the motion with the clerk of the court, ... [and] [a] trial court is without authority to nonsuit parties without a motion for nonsuit of those parties by the plaintiff.

*Shadowbrook Apartments v. Abu–Ahmad*, 783 S.W.2d 210, 211 (Tex.1990).

"It is elementary that a dismissal is in no way an adjudication of the rights of parties; it merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought." *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 104 (Tex.1962). However, "it is well established that a dismissal with prejudice functions as a final determination on the merits." *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex.1991).

## NUNC PRO TUNC

▬ After the trial court loses jurisdiction over the judgment, it can only correct *clerical* errors made in the *entering* of a final judgment. However, the trial court may not correct a *judicial* error which occurs in the *rendering* as opposed to the *entering* of a judgment. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex.1986). Clerical errors are corrected by the nunc pro tunc procedure outlined in Texas Rules of Civil Procedure 316. Although it is correct that whether an error in a judgment is judicial or clerical on appeal is a question of law, what judgment the trial court actually *rendered* initially is a question of fact for the trial court, and it is only after the trial court makes a factual determination of what it actually *rendered* that the judicial or clerical question becomes a question of law on appeal. *Id.* at 232. Thereafter, "[a]ppellate courts may only review for no

---

**1.** The dissent overlooks the clear violation of TEX.R.APP.P. 74 and applies an entirely different-

ent standard of appellate review, which may explain its incorrect conclusion.

evidence and factual insufficiency of the evidence the trial court's factual determination on whether a judgment has been rendered," and may not substitute their judgment for the judgment of the trial court in this respect. *Id.*

An application for entry of a judgment nunc pro tunc requires the trial court to determine what the facts were at the time the original judgment was rendered, ... [a] judgment nunc pro tunc should be granted if the evidence is clear and convincing that a clerical error was made, ... [and] [e]vidence may be in the form of oral testimony of witnesses, written documents, the court's docket, and the judge's personal recollection.

*Pruet v. Coastal States Trading, Inc.,* 715 S.W.2d 702, 705 (Tex.App.—Houston [1st Dist.] 1986, no writ). Further, "if [the trial judge] corrects the judgment nunc pro tunc, a presumption arises that his personal recollection supports the finding of clerical error." *Id.* Moreover, recitations in a nunc pro tunc judgment alone may:

provide sufficient evidence that the court relied upon its recollection of the facts at the time the original judgment was rendered, [that] [s]uch recollection raises the presumption of the court's finding that clerical error had occurred in the entry of the [judgment], and that the nunc pro tunc judgment correctly reflects the judgment rendered.

*Id.*

### NO EVIDENCE

■ In considering a "no evidence" or legal sufficiency point, we consider only the evidence favorable to the decision of the trier of fact and disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988); *Garza v. Alviar,* 395 S.W.2d 821, 824 (Tex.1965).

No findings of facts or conclusions of law having been requested or filed, we must affirm the judgment if it can be sustained on any reasonable theory supported by the evidence and authorized by law. *Lassiter,* 559 S.W.2d at 358. All necessary findings to support the judgment must also be considered as having been impliedly found by the trial court. *Carter v. William Sommerville & Son, Inc.,* 584 S.W.2d 274, 276 (Tex.1979).

The transcript before this court discloses that the appellant failed to file any counterclaim against appellee's original paternity suit, that appellee's motion for nonsuit in the original paternity suit clearly requested a nonsuit of the paternity suit "without prejudice," and that the judgment entered, although specifically reflecting that the court had granted appellee's motion for nonsuit, nevertheless inconsistently entered a judgment of nonsuit "with prejudice."

■ Black's Law Dictionary defines "ministerial duty" as "[o]ne regarding which nothing is left to discretion—a simple and definite duty, imposed by law, and arising under conditions admitted or proved to exist." Black's Law Dictionary 899 (5th ed. 1979). Considering the appellee was entitled to the nonsuit requested as a matter of right the moment the motion was filed, and the trial court had a "merely ministerial duty" to grant it, the trial court clearly should have granted the motion as requested "without prejudice." Therefore, contrary to the suggestion of the dissent, the trial court's duty here was "merely ministerial," and it had no discretion to adjudicate the rights of the parties by granting the nonsuit "with prejudice." *Mossler v. Shields,* 818 S.W.2d at 754; *Shadowbrook Apartments,* 783 S.W.2d at 211; *Crofts,* 362 S.W.2d at 104.

The fact that the trial court under these circumstance initially had no discretion to grant the nonsuit "with prejudice" and was presumed to know the law and follow it, is some evidence that the "with prejudice" entry was a clerical error. *See Mossler,* 818 S.W.2d at 754; *Shadowbrook Apartments,* 783 S.W.2d at 211; *Crofts,* 362 S.W.2d at 104. Under the circumstances of this case, we must presume that the personal recollection of the trial court supports a finding of clerical error, especially since the trial judge granting the nunc pro tunc order was the same judge who entered the original nonsuit order. *Pruet,* 715 S.W.2d at 705. In addition, the trial

court could also have considered the written documents found in the transcript in making its determination. *Id.* Moreover, to forever terminate the rights of this minor child to identify appellee as its father under these circumstances would contravene state and public policy. *Cf. Mossler*, 818 S.W.2d at 754. Consequently, appellant has failed in his burden of showing that there is no evidence to sustain the nunc pro tunc judgment. The point is rejected.

The judgment is affirmed.

REEVES, Chief Justice, dissenting.

I disagree with the majority and respectfully dissent. I would set aside the void nunc pro tunc judgment since it corrects a judicial error made twelve years earlier.

Because no findings of fact and conclusions of law were requested or filed, the trial court is presumed to have made all the findings necessary to support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). Thus, it is presumed the trial court found that the alleged error was clerical. The question, however, of whether an error corrected by a nunc pro tunc judgment is clerical or judicial is a question of law and the trial court's finding or conclusion is not binding on this appellate court. *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex. 1968); *Seago v. Bell*, 764 S.W.2d 362, 364 (Tex.App.—Beaumont 1989, no writ). I find the trial court erred as a matter of law by presumably finding there was a clerical error in the original judgment.

The majority opinion flagrantly ignores the burden of proof imposed upon the Texas Department of Human Resources (the Department) in obtaining a nunc pro tunc judgment. An application for the entry of a judgment nunc pro tunc requires the trial court to determine what the facts were at the time the original judgment was rendered. *Davis v. Davis*, 647 S.W.2d 781, 783 (Tex.App.—Austin 1983, no writ). A judgment nunc pro tunc should be granted only if the evidence is clear, satisfactory, and convincing that a clerical error was made. *Pruet v. Coastal States Trading, Inc.*, 715 S.W.2d 702, 705 (Tex.App.—Houston [1st

Dist.] 1986, no writ); *Davis*, 647 S.W.2d at 783; *Perry v. Nueces County*, 549 S.W.2d 239, 242 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Evidence may be in the form of oral testimony of witnesses, written documents, the court's docket, and the judge's personal recollection. *Pruet*, 715 S.W.2d at 705. The evidence in this case, however, is not clear, satisfactory, and convincing that a clerical error was made in the original order.

The majority cites only the nonsuit motion and the presumption that the trial judge ruled from his personal recollection as evidence supporting the nunc pro tunc judgment. Neither the motion nor the presumption proves by clear and convincing evidence that a clerical error was made in the original order.

Motions are no evidence of what judgment the court rendered; a judge does not have to grant every request set forth in a motion. The majority is correct when it concludes that the trial court should not have granted the nonsuit with prejudice because it "improperly adjudicated the rights of the parties": The law regarding nonsuits requires dismissals without prejudice. A dismissal with prejudice functions as a final determination on the merits of the suit. *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex.1991); *Zimmerman v. Texaco, Inc.*, 409 S.W.2d 607, 614 (Tex.Civ. App.—El Paso 1966), *writ ref'd n.r.e.*, 413 S.W.2d 387, 388 (Tex.1967). Thus, the original nonsuit order dismissing the case with prejudice resulted from judicial reasoning or from a judicial determination. What the majority fails to recognize, however, is that a judicial error cannot be corrected by a judgment nunc pro tunc. *Mathes v. Kelton*, 569 S.W.2d 876, 877 (Tex.1978). An incorrectly rendered judgment cannot be altered when the written judgment precisely reflects the incorrect rendition. *Escobar v. Escobar*, 711 S.W.2d 230, 231–32 (Tex. 1986). Such is the case here.

The presumption that a judge's personal recollection supports the finding of a clerical error was rebutted by the evidence. The trial judge signed the nunc pro tunc order twelve years after the original judg-

ment. Surely the great length of time between renditions begins to rebut the presumption that the trial judge personally recollected what judgment he originally rendered. Additionally, during the nunc pro tunc hearing the trial judge did not voice any recollection about the judgment he originally rendered. Finally, Thompson's counsel, who was the attorney of record in the paternity suit that was brought in 1977, argued during the nunc pro tunc hearing that there was no error with the original nonsuit order; he refused to accept the nonsuit unless it was with prejudice.

Considering the state of the evidence it is incredulous that the busy trial judge personally recollected what judgment he originally rendered twelve years earlier. There is neither a court docket noting the judgment rendered by the court nor is there a statement of fact relevant to the 1977 order documenting the judgment that was possibly rendered orally which could refresh the judge's memory. The only evidence of the judgment rendered originally by the trial court is the order dismissing the suit with prejudice. A clerical error was not established by clear and convincing evidence. The court was without plenary power to change a judicial error twelve years after rendering its original judgment. The trial court erred as a matter of law by presumably finding a clerical error with the original judgment.

The majority opinion shuns an elementary principle of jurisprudence—the finality of judgments. The burden of proof imposed upon the Department as applicant embraces this principle of law. The majority, however, desecrates this elementary principle by relaxing the applicant's burden of proof. I refuse to give litigants the keys to the floodgate of relitigating issues once judgments have become final, especially when twelve years have elapsed since rendition. Consequently, I dissent.