**NATIONAL UNITY INSURANCE COMPANY, Relator,**

v.

**Honorable Timothy JOHNSON, Respondent.**

No. 04–96–00484–CV.

Court of Appeals of Texas, San Antonio.

July 24, 1996.

---

Thomas E. Quirk, Law Offices of Thomas E. Quirk, San Antonio, for Relator.

James V. Mazuca, Law Offices of James V. Mazuca, San Antonio, Bret L. Walton, Frank Rivas & Associates, San Antonio, for Respondent.

Before CHAPA, C.J., and STONE and GREEN, JJ.

PER CURIAM.

National Unity Insurance Company (hereinafter National Unity) brings this petition for writ of mandamus asserting that the Honorable Timothy Johnson abused his discretion by granting a nunc pro tunc judgment partially setting aside a prior judgment of dismissal. We agree that Judge Johnson abused his discretion and that National Unity has no adequate remedy at law.

Real party in interest Narciso Gallegos sued National Unity and State Farm Mutual Automobile Insurance Company for damages resulting from a collision with an uninsured motorist. On March 25, 1996, Judge Shay Gebhardt signed a judgment stating that the parties had settled all matters in controversy

and ordering that Gallegos take nothing from National Unity and State Farm. This judgment was approved by attorneys for all parties.

On May 6, 1996, Gallegos filed a motion to correct, reform, or modify the judgment. Gallegos asserted that the judgment contained errors due to "the mistake and inadvertence of defendant's counsel." Gallegos stated that he dismissed National Unity by mistake and that he only meant to dismiss State Farm. Judge Johnson held a non-evidentiary hearing and, on May 9, 1996, signed a "Judgment Nunc Pro Tunc" correcting the judgment to dismiss only State Farm.

## ABUSE OF DISCRETION

▮ The original judgment was signed on March 25, 1996. Because no motion for new trial was filed, the trial court's plenary jurisdiction expired on April 24, 1996. Gallegos' motion to correct, reform, or modify the judgment was filed on May 6, 1996, after the expiration of the court's plenary power. Thus, if the second judgment corrects a judicial error rather than a clerical error, it is void. *See Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex.1986) (after court loses jurisdiction, it can correct only clerical errors).

▮ To determine whether the error at issue is judicial or clerical, we must examine whether the original judgment properly reflected what the trial court rendered.

A judicial error is an error which occurs in the *rendering* as opposed to the *entering* of a judgment. When deciding whether a correction is of a judicial or a clerical error, we look to the judgment actually rendered, not the judgment that should or might have been rendered. The court can only correct the entry of a final written judgment that incorrectly states the judgment actually rendered. Thus, even if the court renders incorrectly, it cannot alter a written judgment which precisely reflects the incorrect rendition.

*Escobar*, 711 S.W.2d at 231 (emphasis in original; citations omitted).

▮ Gallegos contends that because there were no findings of fact or conclusions of law requested or filed, this court "must affirm the judgment nunc pro tunc if it can be sustained on any reasonable theory supported by the evidence and authorized by law." *See Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977), *overruled on other grounds, Cherne Industries, Inc. v. Magallanes*, 763 S.W.2d 768, 770 (Tex.1989). In the circumstances of this case, no findings of fact or conclusions of law are required. The only authority in law for a judgment nunc pro tunc is to correct a clerical error. Whether an error is judicial or clerical is a question of law. *Escobar*, 711 S.W.2d at 232. Before making this legal determination, though, it must be determined whether the court previously pronounced judgment and the terms of the pronouncement. These are questions of fact. *Id.*

▮ Judge Johnson could make the legal conclusion that the error to be corrected was a clerical error only after he made a factual finding that Judge Gebhardt rendered a take-nothing judgment only in favor of State Farm. There is, however, a complete lack of evidence to support such a finding. It is undisputed that Gallegos offered no evidence to Judge Johnson to prove that Judge Gebhardt rendered any judgment other than that contained in the written judgment. Indeed, it appears that the parties simply presented Judge Gebhardt with the written judgment and she signed it without any type of hearing or discussion. In these circumstances, the rendition of judgment is reflected in the writing. *See Dikeman v. Snell*, 490 S.W.2d 183, 184 (Tex.1973) (orig. proceeding; judgment rendered in writing); *America's Favorite Chicken Co. v. Galvan*, 897 S.W.2d 874, 878 (Tex.App.—San Antonio 1995, writ denied) (signing of judgment constituted rendition). As in *Dikeman*, "[t]here is no contention that [the judge] had earlier orally rendered or pronounced a different judgment." *Dikeman*, 490 S.W.2d at 184.

The basis stated in Gallegos' motion for obtaining a nunc pro tunc judgment is that the original judgment contains an error due to the mistake of a defense attorney. The supreme court has rejected this excuse:

A judgment is usually prepared by the attorney for the successful party, as was done here. When rendered in writing and

thus signed and entered it becomes the judgment of the court. Recitations or provisions alleged to have been inserted by mistake of the attorney nevertheless become a part of the court's judgment and therefore are judicial errors when thus rendered in writing by the court.

*Id.* at 186 (citation omitted); *see also America's Favorite Chicken Co.,* 897 S.W.2d at 879.

■■■■ Gallegos now argues that the language of the judgment reflects that Judge Gebhardt "intended" to render judgment in accordance with the parties' settlement agreement and that the settlement agreement did not provide for dismissal of claims against National Unity. This argument must fail for a number of reasons. First, the question is not what the trial judge "intended" to render, but what the judge "actually" rendered. *See Escobar,* 711 S.W.2d at 231 (look to judgment actually rendered); *America's Favorite Chicken Co.,* 897 S.W.2d at 877 ("critical inquiry must be on what judgment was *actually* rendered"). If the judge intends to render one thing but actually renders another, the resultant error is judicial, not clerical. *See Escobar,* 711 S.W.2d at 231.

Second, Gallegos conceded at oral argument that he did not present evidence of the settlement agreement to Judge Johnson. Indeed, it appears that no evidence at all was presented to Judge Johnson other than the original judgment and an attorney's admission that his secretary included National Unity in the take-nothing judgment by mistake. In the absence of some evidence of the parties' settlement agreement, Judge Johnson could not have concluded that the original judgment dismissing both National Unity and State Farm was not in conformity with that agreement. Thus, the statement in the judgment that the court is "of the opinion that Judgment should be entered in conformity with such agreement" constitutes no evidence that Judge Gebhardt rendered any judgment other than that reflected in writing.

Finally, there is an abundance of language in the original judgment indicating that both National Unity and State Farm were to be dismissed. The judgment recites that *all* parties "announced to the court that *all* matters in controversy had been compromised and settled" and that an agreement had been reached "by and between *all* parties that a Take–Nothing Judgment should be entered." (Emphasis added.) The judgment further recites that the court had considered "the agreements entered hereto by and between *all* parties." (Emphasis added.) It concludes with a recitation that "[a]ll relief sought and not expressly provided for herein is DENIED." Gallegos has not complained, either before Judge Johnson or in this court, that any of this language was included by mistake. He complained only of the decretal paragraph granting a take-nothing judgment in favor of National Unity.

Absolutely nothing in the language of the original judgment supports the conclusion that Judge Gebhardt rendered anything other than a final take-nothing judgment in favor of both defendants. If that rendition was in error, the error was judicial and cannot be corrected by a judgment nunc pro tunc.

Gallegos contends that this case is governed by this court's opinion in *Thompson v. Texas Dep't of Human Resources,* 859 S.W.2d 482 (Tex.App.—San Antonio 1993, no writ). In that case, the Department of Human Resources brought a paternity suit against Thompson. It later moved the court for a nonsuit "without prejudice." The court's judgment, however, ordered a nonsuit "with prejudice." Twelve years later, the Department obtained a nunc pro tunc judgment reflecting a nonsuit "without prejudice." This court upheld the nunc pro tunc judgment because it determined that there was evidence to support the trial court's implied finding that the judgment actually rendered was a nonsuit "without prejudice."

*Thompson* is distinguishable from the case at bar. First, the nunc pro tunc judgment was granted by the same judge who granted the original judgment. The reviewing court "presume[d] that the personal recollection of the trial court supports a finding of clerical error." *Id.* at 485. Judge Johnson could have no personal recollection of the rendition in this case because the judgment was rendered by Judge Gebhardt.

Further, the court in *Thompson* had before it both the original motion for nonsuit and the original judgment. The motion requested a nonsuit "without prejudice." The trial court had no discretion in the matter; it was obligated to grant the nonsuit as requested—without prejudice. The judgment specifically reflected that the court was granting the motion, but then recited that the nonsuit was granted "with prejudice." This is some evidence that judgment was rendered in accordance with the motion, (i.e., without prejudice) and that the written judgment did not properly reflect that rendition. In the present case, the judgment recites that it is in conformity with the settlement agreement, but there is no evidence that that agreement did not provide for a nonsuit of both defendants.

To summarize, Gallegos presented no evidence to Judge Johnson to establish that Judge Gebhardt rendered judgment in favor of State Farm but not National Unity. Without such evidence, Judge Johnson's implied factual finding that the written judgment differed from the judgment rendered must fail. Without such a fact finding, Judge Johnson's implied legal conclusion that the error in the original judgment is clerical must fail. The only evidence before the judge—the judgment itself and an attorney's admission that his secretary made a mistake—establish that the error in issue is judicial; the trial court had no jurisdiction to correct it after the expiration of its plenary jurisdiction. Judge Johnson abused his discretion by acting without jurisdiction.

### ADEQUATE REMEDY AT LAW

Gallegos contends that National Unity has an adequate remedy by appeal. National Unity, however, has established that the nunc pro tunc judgment is void because the trial court was without jurisdiction to enter it. *See Dikeman*, 490 S.W.2d at 186 ("nunc pro tunc" judgment correcting judicial error is void). The supreme court held in *Dikeman* that a void judgment may be challenged by mandamus even though the relator failed to pursue relief by appeal. *Id.* at 186. Gallegos argues that the rule in *Dikeman* did not survive *Walker v. Packer*, 827 S.W.2d 833

(Tex.1992) (orig. proceeding), which reemphasized the requirement that a party seeking mandamus not have an adequate remedy at law. The supreme court has not yet directly addressed this issue, but has applied the *Dikeman* rule on at least one occasion since *Walker*. *See Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex.1994) (orig. proceeding).

The circumstances of this case require that we apply the rule of *Dikeman*. While *Walker* holds that an appeal is not an inadequate remedy simply because it involves more expense or delay than obtaining an extraordinary writ, *see Walker*, 827 S.W.2d at 842, more is at stake when the trial court has acted without jurisdiction. If we deny National Unity mandamus relief, it will be forced to defend a lawsuit over which the trial court has no jurisdiction. Whether or not it prevails at trial, the resultant judgment will be a nullity. Further, if National Unity loses at trial and brings an appeal, the appellate court will also be without jurisdiction. It will have no option but to declare the trial court judgment void and dismiss the appeal. We do not believe that requiring National Unity to pursue legal action in courts without jurisdiction is the type of adequate remedy at law contemplated by *Walker*. Rather, mandamus is an appropriate remedy.

### CONCLUSION

National Unity has established that Judge Johnson abused his discretion by acting without jurisdiction and that it has no adequate remedy at law. The nunc pro tunc judgment signed on May 9, 1996 is void and must be set aside. This court conditionally grants the writ of mandamus compelling Judge Johnson to vacate the May 9, 1996 nunc pro tunc judgment. The writ will issue only if Judge Johnson fails to comply.