**In re Jason Brice FUSELIER, Relator.**

**No. 01–00–00645–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 2, 2001.

Rehearing Overruled Oct. 18, 2001.

Cynthia Cameron, Houston, for Relator.

Timothy Hootman, Gary E. Patterson, Easley & Patterson, Houston, for Real Party in Interest.

Panel consists of Chief Justice SCHNEIDER and Justices HEDGES and NUCHIA.

## OPINION

NUCHIA, Justice.

This is a petition for writ of mandamus challenging the entry of a nunc pro tunc order of dismissal without prejudice in trial court cause number 97–16938 by respondent, the Honorable Linda Motheral, presiding judge of the 257th District Court, as void.

In March 1997, Kelli Nicole Carter Jones, real party in interest, sued Jason Brice Fuselier to establish paternity. The child who was the subject of the lawsuit died in April 1997. In August 1997, Jones filed a motion to nonsuit the case without specifying whether the nonsuit was with or without prejudice. On August 8, 1997, the trial court signed an order that provided:

On _____, 1997, the Court considered the Motion to Nonsuit of KELLI NICOLE CARTER, Movant, and ORDERS this cause dismissed with prejudice. All costs incurred are taxed against the party by whom incurred, for which let execution issue if not paid.

This order was signed as "approved" by counsel for Jones.

In August 1999, Jones filed a second petition to establish the paternity of Fuselier. However, upon discovery that the 1997 case had been dismissed with prejudice, Jones's new attorney recommended that the 1999 case be dismissed without prejudice. In April 2000, Jones filed a motion for entry of an order nunc pro tunc, contending that the order dismissing the original case "with prejudice" was mistakenly submitted by Jones's attorney, Baughman, and the inclusion of the words "with prejudice" was "a mistake on the part of Mr. Baughman and the Court." After two hearings on Jones's motion, the trial court signed the order nunc pro tunc.

When deciding whether an error in a judgment is judicial or clerical, the court must look to the judgment actually rendered, not the judgment that should or might have been rendered. *Escobar v. Escobar,* 711 S.W.2d 230, 231 (Tex.1986). A judicial error is an error that occurs in the rendering, as opposed to the entering, of a judgment. *Id.* A court can only correct the entry of a final written judgment that incorrectly states the judgment actually rendered. *Id.* at 231–32. Even if the court renders incorrectly, it cannot alter a written judgment that precisely reflects the incorrect rendition. *Id.* at 232.

Jones cites *Thompson v. Texas Department of Human Resources,* 859 S.W.2d 482 (Tex.App.—San Antonio 1993, no writ) as authorizing the court to enter an order nunc pro tunc correcting the mistake dismissing her case with prejudice. In *Thompson,* the appellee filed a motion for nonsuit *without* prejudice. *Id.* at 484. The trial court signed an order granting the motion *with* prejudice. *Id.* Almost 12 years later, the appellee filed a motion for nunc pro tunc relief, and the same judge that signed the original order signed the new order nonsuiting the case without prejudice. *Id.* On appeal, the court of appeals considered that the trial court's lack of discretion to grant a nonsuit with prejudice when a nonsuit without prejudice was requested, and the presumption that the trial court was presumed to know and follow the law, was some evidence that the entry "with prejudice" was a clerical error. *Id.* at 485. The court of appeals also presumed that, because the same judge signed the original order and the order nunc pro tunc, the personal recollection of the trial court supported a finding of clerical error. *Id.*

In this case, the personal recollection of the trial court did not support any finding of a rendition "without prejudice." At the first hearing on the motion for an order nunc pro tunc, the trial court stated:

> [Jones's attorney] prepared the order. It has his name on it. He signed it. He prepared the order that says—that requests me to order, and I did order, that the cause be dismissed with prejudice. This Court didn't write in the words "with prejudice." Mr. Baughman did, and asked me to sign it or Associate Judge Elizabeth Rice to approve it and I signed it simply because she had initialed it. And so, you know, I don't think a nunc pro tunc can probably lie under these circumstances.

Thus, the trial court's statement negates any presumption that she personally recalled rendering the order of dismissal "without prejudice."

We think it significant that Jones does not contend that *the trial court* rendered the order without prejudice. Jones argues that the nonsuit was effected by the filing of the motion for nonsuit, not by the signing of the order, citing *Shadowbrook Apartments v. Abu–Ahmad* and *Greenberg*

*v. Brookshire.*[1] She then argues, without authority, that *rendition* was effected *by the filing of the motion* and that the signing of the order was the entry. We disagree.

■ It is well-settled in Texas that rendition of judgment occurs when the judge's decision is officially announced either orally in open court or by a signed memorandum filed with the clerk. *E.g., S & A Restaurant Corp. v. Leal,* 892 S.W.2d 855, 857 (Tex.1995); *Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289, 292 (1953). Thus, rendition cannot occur upon the mere filing of a motion.

■ In determining that an error in an order of dismissal was judicial rather than clerical, one court of appeals has said, "[I]t appears that the parties simply presented Judge Gebhardt with the written judgment and she signed it without any type of hearing or discussion. In these circumstances, the rendition of judgment is reflected in the writing." *National Unity Ins. Co. v. Johnson,* 926 S.W.2d 818, 820 (Tex.App.—San Antonio 1996, orig. pro-

ceeding). Furthermore, a drafting error by a party's attorney does not constitute "clerical error." *See America's Favorite Chicken Co. v. Galvan,* 897 S.W.2d 874, 879 (Tex.App.—San Antonio 1995, writ denied). Recitations and provisions included in a judgment by the mistake of the attorney become a part of the court's judgment as rendered and are, thus, judicial errors. *Id.*

Any error in the order dismissing this case with prejudice was a drafting error by Jones's attorney. We hold that, under the circumstances of this case, the trial court rendered judgment when she signed the order prepared by Jones's attorney. Thus, the error in the order was a judicial error. Accordingly, the order signed on May 15, 2000 granting Jones's motion nunc pro tunc is void because the trial court's plenary power over the order signed on August 8, 1997 had expired.

■ Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no

---

1. *Shadowbrook* and *Greenberg* are distinguishable because the supreme court did not address the issue of when rendition of the trial court's judgment occurred. Thus, they are not relevant to the issue in the present case. Furthermore, as we pointed out in *Harris County Appraisal District v. Wittig,* the supreme court did not say, in *Shadowbrook* and *Greenberg,* "that the non-suit was effective immediately upon filing and no trial court ruling was necessary." 881 S.W.2d 193, 195 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding).

In *Shadowbrook Apartments v. Abu–Ahmad,* 783 S.W.2d 210 (Tex.1990), the issue was whether a trial court's denial of a motion for judgment nunc pro tunc is appealable. The supreme court held that it was not. In that case, the plaintiff filed a motion nonsuiting one of four defendants. *Id.* at 211. The plaintiff's attorney prepared an order, which the trial judge signed, dismissing the entire case. *Id.* More than 90 days later, the plaintiff filed a motion for judgment nunc pro tunc.

*Id.* The trial judge denied the motion, saying that the error was judicial, and the plaintiff appealed. *Id.* The court of appeals reversed and remanded the cause as to the three remaining defendants. *Id.* The supreme court reversed the court of appeals and affirmed the trial court, stating that the court of appeals was without jurisdiction because the denial of the motion nunc pro tunc was not a final and appealable judgment. *Id.*

In *Greenberg v. Brookshire,* 640 S.W.2d 870 (Tex.1982), the respondent in a divorce suit requested affirmative relief two days after petitioner filed a motion for nonsuit. Over petitioner's objection, the trial court held a hearing and rendered an order on respondent's claim. The petitioner sought mandamus relief directing the trial court to withdraw its order. *Id.* at 871. The supreme court held that the judge should not have held the hearing and erred in rendering the order because petitioner was entitled to the non-suit immediately upon its filing. *Id.*

other adequate remedy by law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985) (orig. proceeding). However, mandamus relief may be afforded where the trial court's order is void. *In re Dickason,* 987 S.W.2d 570, 571 (Tex. 1998); *Hansen v. Sullivan,* 886 S.W.2d 467, 469 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding).

Because the trial court's order nunc pro tunc is void, the petition for writ of mandamus is conditionally **granted.** We direct the trial court to vacate its May 15, 2000 order granting the motion nunc pro tunc in *In the Interest of Alexandra Nicole Fuselier, a Child,* trial court cause no. 97–16938. We are confident that the trial court will promptly comply with our opinion. The writ will issue only if it does not.