Opinion issued July 11, 2002









 







In The

Court of Appeals

For The

First District of Texas






NO. 01-01-01105-CV






KELLI NICOLE CARTER JONES, Appellant


V.


JASON BRICE FUSELIER, Appellee






On Appeal from the 257th District Court

Harris County, Texas

Trial Court Cause No. 97-16938






O P I N I O N


 This case involves an attempt to appeal from the trial court's order vacating a
judgment this Court had declared void. We dismiss for want of jurisdiction.

 In March 1997, appellant, Kelli Nicole Carter Jones, sued appellee, Jason Brice
Fuselier, to establish paternity of her minor child (cause no. 97-16938). In August
1997, Jones filed a motion to nonsuit the case without specifying whether the nonsuit
was with or without prejudice. On August 8, 1997, the trial court signed an order,
which was prepared by Jones's attorney, dismissing the case with prejudice. No
appeal was taken from the August 8, 1997 judgment. 

 In August 1999, Jones filed a second petition (cause no. 99-40207) to establish
paternity. After discovering the 1997 suit had been dismissed with prejudice, Jones
filed a motion for entry of an order nunc pro tunc, contending that the judgment
prepared by Jones's previous attorney and signed by the judge contained a clerical
error, in that it recited that the dismissal was with prejudice. On May 15, 2000, the
trial court consolidated the two petitions for paternity under the earlier cause number,
and entered an order nunc pro tunc, which changed the nonsuit from one with
prejudice to one without prejudice.

 Fuselier filed a mandamus with this Court, contending that the nunc pro tunc
was improper because it corrected a judicial error, not a clerical error. This Court
agreed and ordered the trial court to vacate the void nunc pro tunc judgment. See In
re Fuselier, 56 S.W.3d 265, 268-69 (Tex. App.--Houston [1st Dist.] 2001, orig.
proceeding). On October 26, 2001, the trial court complied with this Court's order
and vacated the nunc pro tunc judgment. Jones then filed this appeal from the trial
court's order vacating the void judgment.

 With only a few exceptions not applicable here, appeals are allowed only from
final judgments of a district or county court. Tex. Civ. Prac. & Rem. Code Ann. § 
§ 51.012 (Vernon 1986); Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex.1985). In this
case, a final judgment was signed on August 8, 1997, when the trial court signed the
judgment dismissing Jones's first suit with prejudice. However, no appeal was taken
from this final judgment. This Court has already held that the May 15, 2000
judgment nunc pro tunc was void. No appeal will lie from an order vacating an
already void judgment. As such, we have no jurisdiction to consider this appeal. 
Accordingly, the appeal in cause no. 97-16938 is dismissed for want of jurisdiction. (1)


 


 Michael Schneider

 Chief Justice


Panel consists of Chief Justices Schneider and Justices Nuchia and Radack.


Do not publish. Tex. R. App. P. 47.


1. ' - - 
 - 
 -