OPINION

 

No. 04-10-00324-CV

 

KILLAM RANCH
PROPERTIES, LTD.,

Appellant

 

v.

 

WEBB COUNTY, Texas,

Appellee

 

From the 341st
Judicial District Court, Webb County, Texas

Trial Court No. 2007-CVQ-001680-D3

Honorable Michael P.
Peden, Judge Presiding[1]

 

Opinion by:   Steven C. Hilbig, Justice 

 

Sitting:                     Catherine Stone, Chief Justice 

                     Phylis J. Speedlin, Justice

                     Steven
C. Hilbig, Justice

 

Delivered and
Filed:  May 11, 2011

 

AFFIRMED IN PART
AND REVERSED AND REMANDED IN PART

 

           This appeal arises from Killam Ranch
Properties, Ltd.’s (“Killam”) claim that Webb County violated the Texas Local
Government Code and the Texas Open Meetings Act when it sold county-owned
acreage and easements to Khaledi Properties, Ltd. (“Khaledi”). Killam filed
suit against Webb County seeking a declaration the sale was void because of the
statutory violations. Killam also filed a lis pendens. Both parties filed
motions for summary judgment. The trial court granted Webb County’s motions and denied Killam’s motions. Killam appeals the denial of its motions and the
granting of Webb County’s motions. We affirm in part and reverse and remand in
part. 

BACKGROUND

Factual background

 

           Webb County owns a 294.24-acre parcel
of property commonly known as the Webb County Detention Center, which it
acquired from the United States in 1980. The federal government also conveyed
easements over land owned by Killam. The easements provide access to the
property.

           On November 14, 2005, the Webb County Commissioners Court passed a resolution to solicit bids to sell the property.
The meeting minutes state there was discussion and possible action to direct
the Webb County purchasing agent to solicit requests for proposals for the
possible sale of the Webb County Detention Center. The minutes recite that “Judge
Bruni motioned to approve item as submitted with $10 million minimum bid. Garza
seconded the motion,” and the motion passed 4-1. Almost two years later and
after this lawsuit was filed, the commissioners issued an order that corrected the
original minutes and eliminated the $10 million minimum bid language. 

           Eloy Ramirez, the Webb County purchasing agent, testified in his deposition regarding the sale of the property and the
bidding process. He testified Webb County used the procedure identified in the
“local government code” as its standard procedure for the sale of real estate.
Ramirez described the sealed bid process in Webb County as “bids are submitted
in sealed envelopes and they’re opened and read to the public.” Although not
ordered to do so by the Commissioners Court, Ramirez included in the public bid
notice that the property was being sold pursuant to section 263.007 of the
Texas Local Government Code.[2]
Ramirez testified he determined on his own, based on his background and
experience as purchasing agent for Webb County, to use section 263.007 to sell
the property. The notices identified the property as 294.24 acres, and stated
it was being sold through sealed bid procedure pursuant to section 263.007. The
notices made no reference to any easements.

           Three entities eventually submitted
sealed bids—Khaledi, Killam, and Har Properties Ltd., an entity associated with
Khaledi. Khaledi’s bid was subject to conditions, including the sale of the
county-owned easements over Killam’s property. Ramirez recommended the
commissioners accept Khaledi’s bid. On January 9, 2006, the commissioners
considered the bids and voted to accept Khaledi’s bid. The commissioners met in
executive session four times, between January 2006 and October 2006, to discuss
the sale of the property to Khaledi.

Procedural background

           Killam filed a declaratory judgment
action against Webb County seeking a declaration the sale of the property was
void because the County did not comply with the bidding requirements in section
263.007, or alternatively, the County failed to comply with section 272.001 of
the Local Government Code.[3]
Killam also asserted that by convening closed meetings to continue negotiations
of the sale of the property after the County voted to accept Khaledi’s bid, the
County violated the Texas Open Meetings Act, and the resulting sale was void. 

           Killam filed a traditional motion for
partial summary judgment on the ground the commissioners authorized the sale of
only the acreage and not the easements. This motion was denied. Killam filed a
second traditional motion for summary judgment on its claim the sale was void
because Webb County did not comply with sections 263.007 or 272.001 and it
violated the Texas Open Meetings Act. This motion was also denied. 

           Webb County filed a traditional motion
for summary judgment on the grounds that it substantially complied with section
263.007 or alternatively, met the requirements of section 272.001. Webb County also filed a no evidence motion for summary judgment, asserting Killam had provided
no evidence the County violated the open meetings act and no evidence Webb County conducted closed meetings “to negotiate the Real Estate Sales Contract with
Khaledi.” The trial court granted both Webb County’s motions for summary
judgment. Webb County filed a motion for attorneys fees, and Khaledi filed a
motion to cancel the lis pendens. The trial court granted both motions at the
hearing on the motions. The award of attorney’s fees was included in the
judgment; however, the order canceling the lis pendens was not signed by the
trial court until after the court lost plenary power. 

DISCUSSION

TEXAS LOCAL GOVERNMENT CODE

Killam’s claims

 

           Killam contends Webb County was required to sell the 294.24 acres pursuant to section 263.007 because the public
notice stated the sale was pursuant to that statute. Killam claims Webb County did not comply with section 263.007 because:

1. Webb County failed to “adopt a
procedure” for the sealed–bid sale as required by section 263.007;

 

2. the public notices of the sale were
inadequate because neither the public notice nor the bid specifications
disclosed that the sale encompassed the easements;

 

3. Webb County failed to obtain and
consider an appraisal before the sale to ascertain the property’s fair market
value; and

 

4. Webb County did not determine a
minimum bid amount based on the appraisal.

Alternatively, Killam argues Webb County failed to
comply with section 272.001(c), which Killam contends requires county-owned
easements be sold to abutting property owners.

           Killam also claims Webb County accepted
an improper bid because Khaledi’s bid was not for the “total price for the
294.24 acres;” and Khaledi provided a conditional offer to pay $3,100,000.00 if
the acreage was buildable, it was free of easements or restrictions, Webb
County granted a warranty of use for single family dwelling or multiple family
units, and Webb County separately conveyed the county-owned easement overlying
Killam’s abutting 24.36 acres. Additionally, Killam contends Khaledi’s bid
should have been rejected because it was less than the $10 million minimum bid
requirement.

Application of section 263.007of the Texas
Local Government Code 

 

           Killam first contends that because Webb County’s public notice and bid specifications stated the property would be sold pursuant
to section 263.007 of the Texas Local Government Code, Webb County had to comply with that section and section 272.001 was not applicable. 

           The Texas Local Government Code authorizes
counties to sell property through a closed bid procedure under either sections
263.007 or 272.001. See Tex. Loc.
Gov’t Code § 263.007 and § 272.001 (West Supp. 2010). Section 263.007
(a) provides the Commissioners Court of a county may adopt a procedure
by which the county may sell or lease any real property through a sealed-bid or
sealed-proposal procedure. Unlike section 263.007(a), section 272.001(a) does not
include any language requiring local governments to adopt a procedure for the
sale of real property; instead it requires only that the local governments
comply with the enumerated requirements in section 272.001. 

           When interpreting statutes, our primary
concern is the Legislature’s intent as expressed by the language of the
statute. Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433, 437 (Tex. 2009); State v. Shumake, 199 S.W.3d 279, 284 (Tex. 2006). We construe the
statute’s words according to their plain and common meaning unless a contrary
intention is apparent from the context or unless such a construction leads to
nonsensical or absurd results. FKM P’ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys., 255 S.W.3d 619, 633 (Tex. 2008); see also Fleming Foods of Tex.,
Inc. v. Rylander, 6 S.W.3d 278, 284 (Tex. 1999). When we interpret a code
enacted by the legislature, we read words and phrases in context and construe
them according to the rules of grammar and common usage. Tex. Gov’t Code Ann. § 311.011(a) (West
2005); Jones v. State, 175 S.W.3d 927, 930 (Tex. App.—Dallas 2005, no
pet.). 

           Neither section 263.007 nor section
272.001 requires the public notice include a reference to the statute
authorizing the sale. Furthermore, section 263.007 subsection (f) provides
“[t]he procedure authorized by this section is an alternative procedure to the
procedure authorized by Section 272.001.” Tex.
Loc. Gov’t Code § 263.007 (West Supp. 2010). The El Paso court of
appeals examined these two sections and concluded:

Section 272.001(a) provides the
requirements for a valid sale of real property to the general public through a
sealed bid procedure by units of local government in general, including
counties, and that these requirements form an alternative, parallel procedure
to the procedure created specifically for counties in Section 263.007. Since
Section 263.007 requires the adoption of specific procedures at the
discretion of the county commissioners, the procedure outlined in Section
272.001(a) constitutes the “default,” minimally sufficient procedure with which
all units of state government, including counties, must comply in order to
conduct a valid sale. . . . The legislature intended Section 263.007 to provide
county governments with a mechanism to draft and adopt more specific, extensive
requirements relating to the sale of real property, while ensuring that any
such rules adopted by a county would contain the minimum requirements for a
public sale of real estate.

 

Collins v. County of El Paso, 954 S.W.2d
137, 149 (Tex. App.—El Paso 1997, pet. denied)(emphasis added). We agree with
our sister court’s interpretation of the two statutes. Section 263.007 gives
counties the option to adopt a procedure and if Webb County did not adopt a
procedure, then the sale of the property was governed by section 272.001,
regardless of whether the public notice stated the sale was pursuant to section
263.007. There is no language in either statute to suggest otherwise.

           The minimum requirements of section
263.007 are almost identical to the requirements of Section 272.001(a). The
requirements common to both section 263.001 and 272.001 (a) are:

● notice to the general public
of the offer of land;

● to be published on two
separate dates;

● in a newspaper of general circulation;

● including “a description of
the land, including its location;”

● including the procedure by
which sealed bids to purchase the land or offers to exchange the land may be
submitted; and

● the sale or exchange of the
land cannot occur until the fourteenth day after the publication of the second
advertisement.

 

Tex. Loc.
Gov’t Code §§ 263.007 & 272.001; see also Collins, 954
S.W.2d at 147-48. The difference between the minimum requirements of each
statute is that section 263.007(c)(2) explicitly requires the commissioners
determine the minimally acceptable bid based on an appraisal. Although section
272.001 is silent as to the appraisal requirement, the court in Collins
determined there was an implied appraisal requirement in 272.001 because subsections
(b), (f), and (h) all refer to the determination of fair market value by
appraisal, and all the subsections refer to the sale of land for fair market
value determined either by appraisal or by public auction. Collins, 954
S.W.2d at 147-48.; see also Op. Tex. Att’y Gen. No. DM-232 (1993). 

           Because Webb County Commissioners Court
did not adopt a procedure pursuant to section 263.007, as long as the sale
complied with the minimum statutory requirements of section 272.001, the sale
was proper. See Collins, 954 S.W.2d at 147-48.

Property
description

           Killam next contends the property
description in the public notice was inadequate because it did not state the
sale of the property included the easement. Both sections 263.007(b)(3) and
272.001(a) require the notice provide a description of the land and its
location. Tex. Loc. Gov’t Code §§
263.007(b)(3) & 272.001(a). County officials must strictly comply with the
property description requirements in order to provide valid notice of a sale. Collins,
954 S.W.2d at 151. Strict compliance with notice provisions provides all
bidders with an equal opportunity to compete. See id. at 151.
“Competitive bidding requires the soliciting of bids through advertising in
such a manner as to place all potential bidders on an even playing field. This
fair and equal treatment is necessary to achieve the best possible bid for the
unit of local government.” Id.

           Webb County’s notices described the
land and its location. All potential bidders received the same information. Webb County was not required to include the easement in the public notice because it is not
a “description of land” or a “location” of property within the meaning of the
relevant sections. An easement is not real property, rather it is “a
nonpossessory right to enter and use land in the possession of another and
obligates the possessor not to interfere with the uses authorized by the
easement.” Restatement (Third) of
Property (Servitudes) § 1.2 (1) (2000). Webb County’s property
description met the statutory requirements.

           Killam contends the record lacks proof
the Commissioners authorized or publicized the sale of the easements, and the
evidence conclusively shows the only thing contemplated for sale and advertised
to the public was the 294.24 acres. Killam asserts Webb County never
contemplated selling the easements until after it held closed door meetings
regarding the sale of the acreage. However, Killam’s argument fails to
appreciate the nature of the easements. It is undisputed the easements in this
case are appurtenant[4]
to the acreage that was described in the public notice. “An easement
appurtenant benefits the property to which it is attached; it cannot be
separated from the owner’s rights in the land, and it passes with the
property.” Holmstrom v. Lee, 26 S.W.3d 526, 531 (Tex. App.—Austin 2000,
no pet.); see also Drye v. Eagle Rock Ranch, Inc., 364 S.W.2d 196, 203 (Tex. 1962). Because the easement necessarily passed with the property, Webb County was not required to include its description in the public notice.

Fair Market Value based on appraisal

           Killam also claims Webb County did not conclusively establish it complied with the appraisal requirement of
section 263.007(c). Killam contends that section requires specific evidence
demonstrating the commissioners reviewed the appraisal and then decided on a
fair market value for the property. Killam argues because there is no evidence
the commissioners actually considered the appraisal submitted as summary
judgment evidence in establishing a fair market value for the property, Webb County was not entitled to summary judgment. 

           As stated in Collins “[s]ection
263.007(c)(1) requires only that county officials obtain an appraisal to
establish the fair market value of the land and section 272.001(a) implicitly
requires the same procedure.” The commissioners obtained an appraisal that
valued the property at $2,950.000.00 as of October 26, 2005. The commissioners
accepted a bid from Khaledi for $3,100,000.00. There is nothing in the statute
that requires anything other than an appraisal that supports the fair market
value and the amount of the bid that is accepted. See Collins, 954
S.W.2d at 152. Webb County complied with the appraisal requirement.

Sale of easements to abutting
landowners only     

           Killam argues Webb County did not
strictly comply with section 272.001(c), which Killam contends only allows the
sale of an easement to an abutting landowner. Section 272.001(c) provides that
streets or alleys, owned in fee by a county or used by easement may be sold to:

(1) abutting property owners in the
same subdivision if the land has been subdivided; or

(2) abutting property owners in
proportion to their abutting ownership, and the division between owners must be
made in an equitable manner.

 

Tex. Loc.
Gov’t Code § 272.001(b)(2), (c). Killam argues the easements are on
property it owns in fee and it is the only abutting landowner; therefore, only
Killam could purchase the easements. A plain reading of the statute
demonstrates this provision contemplates only the sale of an easement
independent from the sale of real property in fee and has no application to an
easement that is appurtenant to property. Id.

Improper bid

           Killam asserts Khaledi’s bid should
have been disqualified because it contained conditions outside the public
notice and bid specifications. Killam cites no authority that a contract for
sale of property is void where the bid includes conditions but there is no
evidence the bidder’s conditions were accepted. The sales contract here does
not contain any of the additional conditions listed in Khaledi’s bid.           

           Killam also contends the Commissioners Court authorized a minimum bid of $10 million and Khaledi’s bid should have
been rejected because it was for less than that amount. However, the Commissioners Court later corrected the meeting minutes after determining the minutes
“inaccurately” reflected that Judge Burni’s motion to approve the sale of the
294.24 acres included a $10 million minimum bid requirement. The corrected
minutes reflect that Commissioner Garza made a motion to sell the property with
a $10 million minimum bid but the motion failed. Webb County did not accept an
improper bid.

TEXAS OPEN MEETINGS ACT

           Killam alleged the Webb County commissioners violated the Texas Open Meetings Act by “convening closed meetings
after January 9, 2006, the date the County voted to accept Khaledi’s bid for
the Old Detention Center, to engage in ongoing negotiations for the sale of the
294.24 acres of land and to negotiate the Real Estate Sales Contract with
Khaledi.” Webb County filed a no-evidence motion for summary judgment,
asserting Killam had no evidence it violated the Texas Open Meetings Act. Webb County also asserted the executive sessions were conducted pursuant to the legal
consultation exception to the Texas Open Meetings Act and there was no evidence
 Webb County conducted closed meetings “to negotiate the Real Estate Sales
Contract with Khaledi.” Killam filed a cross-motion, asserting violations of
the Act.

           The Open Meetings Act requires every regular,
special, or called meeting of a governmental body to be open to the public “except
as provided by this chapter.” Tex. Gov’t
Code Ann. §§ 551.002 (West 2004); City of San Benito v. Rio Grande
Valley Gas Co., 109 S.W.3d 750, 757 (Tex. 2003). If the governmental body
holds a closed meeting and none of the exceptions to the Texas Open Meetings
Act apply, then the closed meeting violates the statute. Finlan v. City of Dallas, 888 F. Supp. 779, 783 (N.D. Tex. 1995); Martinez v. State, 879
S.W.2d 54, 56 (Tex. Crim. App. 1994).

           The attorney consultation exception to
the Texas Open Meetings Act provides that a governmental body may conduct a
private consultation with its attorney only when the governmental body seeks
the advice of its attorney about pending or contemplated litigation or a
settlement offer, or on a matter in which the duty of the attorney under the
Texas Disciplinary Rules of Professional Conduct clearly conflicts with Chapter
551. Tex. Gov’t Code Ann. 
§ 551.071 (West 2004). Section 551.071 incorporates the attorney-client
privilege. Olympic Waste Servs. v. City of Grand Saline, 204 S.W.3d 496,
502 (Tex. App.—Tyler 2006, no pet.); see also Op. Tex. Att’y Gen. No.
JC-0233 (2000). “Under section 551.071(2), a governmental body may consult with
its attorney in executive session to receive advice on the legal issues raised
by a proposed contract, but under this provision the governmental body may not
discuss the merits of a proposed contract, financial considerations, or other
non-legal matters related to the contract merely because its attorney is
present.” Op. Tex. Att’y Gen. No. JC-0233 (2000). If during an executive
session there is discussion of topics outside the scope of the statutory
exception for legal advice, then there is a violation of Texas Open Meetings
Act. See Olympic Waste Servs., 204 S.W.3d at 502. The legal
counsel exception is an affirmative defense on which the governmental entity
bears the burden of proof. City of Farmers Branch v. Ramos, 235 S.W.3d
462, 466 (Tex. App.—Dallas 2007, no pet.); Olympic Waste Servs., 204
S.W.3d at 504. In this case, Killam alleged the Commissioners Court convened
the executive sessions to conduct negotiations regarding the sale of the
property to Khaledi, which would exceed the scope of the authority conveyed by section
551.071(2) for executive sessions for consultation with an attorney. 

           Webb County sought only a no evidence
summary judgment based on the legal counsel affirmative defense. A movant
cannot file a no-evidence motion for summary judgment on an affirmative defense
that it has the burden to prove at trial. Selz v. Friendly Chevrolet, Ltd.,
152 S.W.3d 833, 838 (Tex. App.—Dallas 2005, no pet.); Thomas v. Omar Invs.,
Inc., 129 S.W.3d 290, 294 (Tex. App.—Dallas 2004, no pet.); Nowak v. DAS
Inv. Corp., 110 S.W.3d 677, 680 (Tex. App.—Houston [14th Dist.] 2003, no
pet.). Webb County had the burden of proving that the legal counsel exception
applied and that it did not exceed the scope of the exception. Webb County did not seek a traditional summary judgment on the Texas Open Meetings Act
claim and did not conclusively establish the affirmative defense provided by
the statutory exception allowing the governmental entity to avoid an open
meeting by consulting with its attorney. Therefore, Webb County was not
entitled to summary judgment on Killam’s Texas Open Meetings Act claim and the
trial court erred in granting the motion.

           Killam also appeals the trial court’s
denial of its cross motion for summary judgment on the Texas Open Meetings Act
claim. See Olympic Waste Servs., 204 S.W.3d at 501 (when
cross-motions are filed, appellate court decides all issues presented and
renders judgment trial court should have rendered). When the plaintiff moves
for summary judgment it must conclusively prove each element of the cause of
action as a matter of law. Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972); Ortega-Carter v. Am. Int’l Adjustment Co., 834 S.W.2d 439, 441 (Tex.
App.—Dallas 1992, writ denied). The plaintiff meets the burden if it produces
evidence that is sufficient to support an instructed verdict at trial. See
Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984). If a defendant
relies on an affirmative defense the plaintiff is not required to negate the
affirmative defense; rather, the defendant must come forward with evidence
sufficient to raise an issue of fact on its affirmative defense. Id.

           Killam’s motion for summary judgment
asserted Webb County violated the Texas Open Meetings Act because the closed
door meetings did not come within the real estate or attorney consultation
exceptions. Killam relied on the Commissioners Court’s meeting minutes to
establish the Commissioners Court went into executive session in violation of
the Texas Open Meetings Act. The minutes clearly indicate the Commissioners
Court went into executive session on issues related to the sale of the property
and that the executive sessions were requested pursuant to the attorney
consultation and real estate exceptions in sections 551.071(2) and 551.072.
Because the attorney consultation exception is an affirmative defense Killam
was not required to conclusively negate its application; however, if there is
evidence in the record raising a fact issue on the defense then Killam was not
entitled to summary judgment. 

           Webb County asserted in its response to
Killam’s motion that it was relying on the attorney consultation exception.
Although Webb County did not present any responsive summary judgment evidence,
Killam’s evidence raises a fact issue on whether the attorney consultation
exception applies. Olympic Waste Servs., 204 S.W.3d at 501 (when
reviewing competing motions for summary judgment, court considers all the
evidence accompanying both motions.); Dallas Cnty. Appraisal Dist. v. Inst.
for Aerobics Research, 766 S.W.2d 318, 319 (Tex. App.—Dallas 1989, writ
denied). The minutes from the meetings Killam contends were conducted in
violation of the Texas Open Meetings Act reflect the executive sessions were
conducted pursuant to the attorney consultation and real estate exceptions.
This evidence is sufficient to raise a fact issue regarding Webb County’s affirmative defense and the trial court properly denied Killam’s motion for
summary judgment. 

LIS
PENDENS

 

           Killam next contends the order
cancelling the lis pendens is a nullity because it was signed more than thirty
days after the trial court rendered final judgment. Khaledi agrees that the
order was signed after the trial court lost plenary power, but argues the order
was a proper nunc pro tunc judgment to correct a clerical error.

           After a judgment has become final, the
trial court can correct only a clerical error in the judgment. Escobar v.
Escobar, 711 S.W.2d 230, 231 (Tex. 1986). “A clerical error is a
discrepancy between the entry of a judgment in the record and the judgment that
was actually rendered by the court, and does not arise from judicial reasoning
or determination.” Rawlins v. Rawlins, 324 S.W.3d 852, 855 (Tex. App.—Houston [14th Dist.] 2010, no pet.)(citing Escobar, 711 S.W.2d at
230, 231 (Tex. 1986) and Andrews v. Koch, 702 S.W.2d 584, 585 (Tex. 1986)). A judgment is rendered when the trial court officially announces its decision
either orally in open court or by memorandum filed with the clerk. S & A
Restaurant Corp. v. Leal, 892 S.W.2d 855, 857 (Tex. 1995). “Although it is
correct that whether an error in a judgment is judicial or clerical on appeal
is a question of law, what judgment the trial court actually rendered
initially is a question of fact for the trial court, and it is only after the
trial court makes a factual determination of what it actually rendered
that the judicial or clerical question becomes a question of law on appeal.” Thompson
v. Texas Dept. of Human Res., 859 S.W.2d 482, 484 (Tex. App.—San Antonio
1993, no writ)(emphasis in original). Thereafter, appellate courts may only
review the trial court’s factual determinations on whether a judgment has been
rendered for no evidence and factual insufficiency of the evidence. Escobar,
711 S.W.2d at 232; Thompson, 859 S.W.2d at 484. The appellate court may
not substitute their judgment for the judgment of the trial court in this
respect. Escobar, 711 S.W.2d at 232; Thompson, 859 S.W.2d at 484.

At the hearing where the
court considered attorney’s fees, entry of judgment, and cancellation of the
lis pendens, the trial court indicated its intent to grant the motion to cancel
the lis pendens. However, the final judgment signed on April 1, 2010 did not
did not include an order canceling the lis pendens. Khaledi did not file a
motion for nunc pro tunc judgment and there is no evidence of the circumstances
surrounding the entry of the order canceling the lis pendens. The order is not
in the clerk’s record, and there are no factual determinations for us to
review. Because there is nothing in the record to demonstrate the trial court’s
basis for the signing of the order canceling the lis pendens after plenary
power expired, we cannot hold it was a proper nunc pro tunc judgment. The order
canceling the lis pendens is nullity.

           Khaledi also argues that Killam lacked
standing to file the lis pendens because Killam failed to comply with section
12.007 of the Property Code, and lack of standing is a jurisdictional issue
that can be raised for the first time on appeal. However, whether Khaledi
complied with section 12.007 is not an issue of standing. Rather, “‘standing
focuses on the question of who may bring an action.’” The M.D. Anderson
Cancer Ctr. v. Novak, 52 S.W.3d 704, 708 (Tex. 2001)(quoting Patterson
v. Planned Parenthood, 971 S.W.2d 439, 442 (Tex. 1998)).

           A lis pendens may be filed during the
pendency of an action involving title to real property, the establishment of an
interest in real property, or an enforcement of an encumbrance against real
property. Tex. Prop. Code Ann. §
12.007 (West 2009). The purpose of a lis pendens is to put parties interested
in a particular tract of land on notice as to the facts and issues involved in
a suit or action concerning that particular tract. In re Jamail, 156
S.W.3d 104, 108 (Tex. App.—Austin 2004, orig. proceeding); In re Collins,
172 S.W.3d 287, 292-93 (Tex. App.—Fort Worth 2005, no pet.); Garza v. Pope,
949 S.W.2d 7, 8 (Tex. App.—San Antonio 1997, no writ). A lis pendens is not an
independent claim, Collins v. Tex Mall, L.P., 297 S.W.3d 409, 419 (Tex.
App.—Fort Worth 2009, no pet.) and has no existence separate and apart from the
litigation of which it gives notice. Taliaferro v. Smith, 804 S.W.2d
548, 550 (Tex. App.—Houston [14th Dist.] 1991, no writ).

           The issue raised by Khaledi is whether
the statutory requirements for filing notice of lis pendens were met. This is
not a standing issue and cannot be raised for the first time on appeal.
Therefore, we do not have jurisdiction to cancel the lis pendens, and upon
remand the issue can be raised in the trial court.

ATTORNEY’S FEES

           The
attorney’s fees were awarded to Webb County pursuant to the Uniform Declaratory
Judgment Act in connection with the grant of summary judgment on both the Local
Government Code and Texas Open Meetings Act claims. Because we are reversing
and remanding the Open Meetings Act claim, in the interest of justice we are
reversing and remanding the attorney’s fee award for further consideration
after the Texas Open Meetings Act claim is determined.

CONCLUSION

           The trial court correctly granted Webb County’s motion for summary judgment on Killam’s claim that the County violated
sections 263.007 and 272.001 of the Texas Local Government Code. However, the
trial court improperly granted Webb County’s no evidence motion for summary
judgment on the alleged Texas Open Meetings Act violations. We reverse and
remand the judgment on Killam’s claim the Texas Open Meetings Act was violated
because Webb County did not conclusively establish its affirmative defense.
Finally, we reverse and remand the attorney’s fee award for further
consideration after the Texas Open Meetings Act claim is determined. 

 

 

Steven C. Hilbig, Justice









[1]
The Honorable Michael P. Peden sitting by assignment.





[2]
All further references to section 263.007 in this opinion are to that section
of the Texas Local Government Code.





[3]
All further references to section 272.001 in this opinion are to that section
of the Texas Local Government Code.





[4]
An easement is appurtenant when it is necessary and essential to the enjoyment
of the dominant estate. Drye v. Eagle Rock Ranch, Inc., 364 S.W.2d 196,
207 (Tex. 1962). “‘Appurtenant’ means that the rights or obligations of a
servitude are tied to ownership or occupancy of a particular unit or parcel of
land. The right to enjoyment of an easement or profit, or to receive the
performance of a covenant that can be held only by the owner or occupier of a
particular unit or parcel, is an appurtenant benefit. A burden that obligates the
owner or occupier of a particular unit or parcel in that person’s capacity as
owner or occupier is an appurtenant burden.” Restatement
(Third) of Property (Servitudes) § 1.5 (2000).