William H. **SIMMONS** & Mary Simmons Hensley, Individually and as Trustee, & The W.H. Simmons Trust, Appellants,

v.

**COMPANIA FINANCIERA LIBANO, S.A.** & Armando Fong Najarro, Appellees.

No. 14–98–00726–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 3, 2000.

Rehearing Overruled March 23, 2000.

---

Carl Halla, Jr., Houston, for appellants.

John Wesley Wanson, Houston, for appellee.

Panel consists of Justices YATES, MAURICE E. AMIDEI, and WITTIG.

### MAJORITY OPINION

MAURICE E. AMIDEI, Justice.

William H. Simmons, Mary Simmons Hensley, and the W.H. Simmons Trust, appellants, appeal a partial summary judgment and a judgment rendered in favor of Compania Financiera Libano, S.A. and Armando Fong Najarro (hereinafter "Compania"), appellees. Appellants and Compania were opposing parties in a lawsuit filed in the 270th District Court in Harris County. In August 1996, appellants and Compania entered and filed with the court a Rule 11 agreement to settle the suit. In this agreement the parties agreed, *inter alia:* (1) that appellants would transfer to Compania all the oil and gas royalty interests and all the rights and interests in the Simmons Exploration Company owned by the W.H. Simmons Trust ("Trust"); (2) to enter into an agreed judgment of $25,000 in favor of Compania to secure an obligation appellants owed to a non-party;[1] (3) to a take-nothing judgment in favor of all other defendants, except for William Simmons, Mary Simmons Hensley, as Trustee, and the Trust; and (4) that Compania, appellants, and other non-parties would execute mutual releases by and between one another. On September 12, 1996, pursuant to this agreement, the court entered an agreed judgment that addressed provisions (2) and (3) above, and further ordered that "all relief not expressly granted herein by way of claim or counterclaim is denied."

Subsequently, appellants failed to perform according to the terms of the Rule 11 agreement. In order to enforce the agreement, Compania filed suit against appel-

---

1. We note that when referring to "non-parties" with respect to the terms of the Rule 11 agreement, we are referring to individuals who were not parties to the suit made the subject of this appeal, Compania's breach of contract action.

lants on August 19, 1997, alleging breach of contract, fraud, tortious interference with a contract and seeking specific performance of the Rule 11 agreement. Compania moved for partial summary judgment as to appellants' liability for breach of contract; the court granted this motion on December 16, 1997. The trial court rendered judgment for Compania on April 21, 1998, on its remaining claims for specific performance and attorneys' fees. In three points of error, appellants contend that the trial court erred in (1) granting Compania's partial motion for summary judgment and (2) rendering judgment for Compania because the Rule 11 agreement was integrated into the agreed judgment and the suit to enforce the agreement constituted a collateral attack on the agreed judgment. For the reasons stated below, we reverse the judgment of the trial court.

## COLLATERAL ATTACK

In their third point of error, appellants contend that the court erred in rendering judgment for Compania because "such action ... constituted a collateral attack" on the agreed judgment. Because this issue is dispositive, it is the only one we need address.

 Generally, a valid existing judgment cannot be collaterally attacked. *See Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985). A collateral attack is an attempt to avoid the effect of a judgment in a proceeding brought in a court of equal jurisdiction for some other purpose and is available only when the judgment under attack is void. *See id.* Agreed judgments have the same binding force and effect as judgments resulting from a trial before the court or the jury, and are subject to collateral attack only if the rendering court did not have the jurisdiction to render the judgments. *See Biaza*, 879 S.W.2d at 354.

Compania alleged that appellants breached the Rule 11 agreement by failing to perform under its terms. In the Rule 11 agreement the parties agreed: (1) that appellants would transfer to Compania all of the oil and gas royalty interests owned by the W.H. Simmons Trust ("Trust") and all the Trust's rights, title and interest in the Simmons Exploration Company, a non-party; (2) to enter into an agreed judgment of $25,000 in favor of Compania; (3) to a take-nothing judgment in favor of all other defendants, except for William Simmons, Mary Simmons Hensley, as Trustee, and the Trust; and (4) that appellants, Compania, and other non-parties would execute mutual releases by and between one another. In the agreed judgment, the court incorporated provisions (2) and (3), and ordered that all relief not expressly granted therein by way of claim or counterclaim was denied.

 Appellants assert that due to the language disposing of all claims, the Rule 11 agreement was incorporated into the agreed judgment, and Compania's attempt to enforce the agreement is a collateral attack of the agreed judgment. We agree.

Appellees had a remedy to attempt correction of the judgment in the first case while the trial court had plenary jurisdiction, preferably by a claim to enforce the settlement agreement filed in that court under the original number. If the case were pending on appeal, the appellees could have filed a separate breach of contract action. *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658–659 (Tex. 1996). However, since the agreed judgment became final appellee cannot sue for the relief which was left out of the judgment. The judgment did not incorporate by reference all of the provisions of the written agreement. The portions left out of the judgment are matters which might have been interposed in the litigation; when the agreed judgment became final, those admitted matters cannot be relitigated. The doctrine of merger and res judicata bar the litigation of all issues which might have been tried in the former action.

 When speaking of the conclusive effects given final judgments, there are

two principal categories: (1) claim preclusion (also known as res judicata); and (2) issue preclusion (also known as collateral estoppel). *See Barr v. Resolution Trust Corp. ex rel. Sunbelt Federal Sav.,* 837 S.W.2d 627, 628 (Tex.1992). Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit. *See id.*

The court in *Barr* acknowledged the difficulty in determining what claims "could have been litigated" in the prior suit. After reviewing its previous conflicting res judicata holdings, the court adopted the "transactional approach" to claim preclusion of the Restatement (Second) of Judgments. *See Barr,* 837 S.W.2d at 631. The court noted:

> The Restatement of Judgments also takes the transactional approach to claims preclusion. It provides that a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose. Restatement of Judgments § 24(1). A 'transaction' under the Restatement is not equivalent to a sequence of events, however; the determination is to be made pragmatically, 'giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage.' *Id.* § 24(2).

*Barr,* 837 S.W.2d at 631.

A prior judgment was held res judicata to a subsequent action in *Wood v. Cosme,* 447 S.W.2d 746, 749–50 (Tex.App.-Houston [14th Dist.] 1969, no writ), where it was claimed that the issue sued on was withdrawn from the prior suit. The court in *Wood* stated (citing *Ogletree v. Crates,* 363 S.W.2d 431, 435 (Tex.1963)):

> In that case [*Ogletree*] the Supreme Court held that the rule of res judicata bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former trial, as well as those which were actually tried.

* * * * * * * * * * * *

> To prevent the bar of the prior judgment, the record must show that before its rendition the involved party withdrew such pleadings and issue, or that the court refused to decide it.

*Wood,* 447 S.W.2d at 749–50.

In this instance, we are persuaded that the agreed judgment extinguished the right to bring suit under the Rule 11 agreement. The appellee in this case did not withdraw from the prior suit the matters sought to be litigated in this suit, and the trial court did not refuse to decide those matters. The prior agreed judgment barred the subsequent action in this case under the doctrine of res judicata. This suit is a collateral attack of the final judgment in the prior case. The doctrine of merger becomes stronger in this case because of the "Mother Hubbard" clause in the agreed judgment.

The cases *Padilla v. France* and *Davis v. Wickham* cited by the dissent do not address the facts as presented in this case where the judgment has become final before the separate suit for breach of contract is filed. Point of error three is sustained.

Having found reversible error based on the res judicata effect of the prior judgment, we need not address appellant's remaining points of error. We reverse the judgment of the trial court and render judgment for appellants.

LESLIE BROCK YATES, Justice, dissenting.

I respectfully dissent. The majority finds that due to the Mother Hubbard language in the agreed judgment, the Rule

11 agreement was merged into the agreed judgment, thus making this suit a collateral attack of the final judgment in the prior case. The opinion further states that the instant suit is barred by the doctrines of merger and/or res judicata. For the following reasons, I disagree with the majority opinion.

The Mother Hubbard language in the prior agreed judgment did not incorporate the Rule 11 agreement into the agreed judgment, nor did it prevent Compania's subsequent suit for breach of contract to enforce the Rule 11 agreement.

If a judgment is an agreed judgment, it must be interpreted as if it were a contract between the parties, and the interpretation thereof is governed by the laws relating to contracts. *See Biaza v. Simon,* 879 S.W.2d 349, 355 (Tex.App.—Houston [14th Dist.] 1994, writ denied). The interpretation of a written contract is a question of the parties' intent. *See Reilly v. Rangers Management, Inc.,* 727 S.W.2d 527, 529 (Tex.1987); *Biaza,* 879 S.W.2d at 355–56. Effect should be given to the objective intentions of the parties as expressed in, or as apparent from, the writing. *See id.*

The agreed judgment provided that "pursuant to [a] Rule 11 agreement ... the parties hav[e] announced their agreement to entry of judgment, [and] is of the opinion that judgment should be granted." The court then entered a judgment that purported to encompass the provisions in the agreement that addressed the parties to the suit. Using boilerplate language, the court concluded by ordering that "all relief not expressly granted herein by way of claim or counterclaim is denied." We find nothing to imply from this judgment that the parties intended to replace the Rule 11 agreement with the agreed judgment; rather, as is apparent from the judgment's language, it was the parties intent to give effect to the Rule 11 agreement by entering into the judgment. Therefore, the boilerplate language did not dispose of Compania's claims under the Rule 11 agreement. A plain reading of the boilerplate language reveals that the court intended to dispose of all claims or counterclaims in the underlying suit. Because Compania's cause of action against appellants for breach of the Rule 11 agreement was not ripe at the time the agreed judgment was rendered, this language did not dispose of Compania's action for breach of contract.

Likewise, Compania's attempt to enforce the Rule 11 agreement is not a collateral attack of the agreed judgment. When a court enters an agreed judgment pursuant to a Rule 11 agreement, the agreed judgment becomes a contract between the parties as well as an adjudication of the court. *See Mikeska v. Mikeska,* 584 S.W.2d 565, 566 (Tex.Civ.App.—Houston [14th Dist] 1979, no writ); *Boyd v. Boyd,* 545 S.W.2d 520, 523 (Tex.Civ.App.—Houston [1st Dist] 1976, no writ). As noted above, agreed judgments are interpreted as if they were contracts between the parties. *See Biaza,* 879 S.W.2d at 355. Here, there is nothing in the agreed judgment precluding Compania from bringing suit to enforce the Rule 11 agreement. The terms of the judgment neither incorporate all the provisions in the Rule 11 agreement, nor provide that the judgment supercedes it.

Moreover, nothing suggests that the Rule 11 agreement is not an enforceable contract separate and apart from the agreed judgment, and vice versa. In fact, in order to enforce a Rule 11 agreement, a party must file a breach of contract claim. *See Padilla v. La France,* 907 S.W.2d 454, 461–62 (Tex.1995); *Davis v. Wickham,* 917 S.W.2d 414, 416 (Tex.App.—Houston [14th Dist.] 1996, no writ). By bringing a breach of contract action against appellants, Compania did not attempt to impeach the prior agreed judgment, but rather, it sought to enforce a separate Rule 11 agreement. Thus, Compania's cause of action is not a collateral attack on the prior judgement.

I also find no merit in the majority's reliance on the doctrine of merger. Merg-

er, with respect to the law of contracts, refers to the extinguishment of one contract by its absorption into another and is largely a matter of the intention of the parties. *See Smith v. Smith,* 794 S.W.2d 823, 827–28 (Tex.App.—Dallas 1990, no writ). If the parties to one contract execute another contract whose terms are so inconsistent with the first that they both cannot stand, the first agreement is conclusively presumed to have been superseded by the second. *See id.* at 828. Merger is not applicable in this case. An examination of the Rule 11 agreement and the agreed judgment show that the latter was entered into pursuant to the former; consequently, the two are not inconsistent. In fact, in the Rule 11 agreement, the parties agreed that the judgment would be filed as a separate agreement between the parties.

Finally, the agreed judgment does not bar litigation to enforce the Rule 11 agreement under the doctrine of res judicata. As stated earlier, the boilerplate language disposed of all claims and counterclaims raised in the initial suit; Compania's cause of action for breach of contract did not arise until appellants failed to perform, or after the agreed judgment was entered. Thus, the boilerplate language did not speak to Compania's breach of contract claim. Consequently, Compania was not seeking to relitigate a claim or cause of action that had been finally adjudicated, or that with the use of diligence, should have been litigated in the prior suit. *See Barr v. Resolution Trust Corp. ex rel. Sunbelt Federal Sav.,* 837 S.W.2d 627, 628 (Tex. 1992).

Accordingly, I would affirm the judgement of the trial court.