**COMPANIA FINANCIARA LIBANO, S.A. and Armando Fong Najarro, Petitioners,**

v.

**William H. SIMMONS and Mary Simmons Hensley, individually and as trustee, Respondents.**

No. 00–0465.

Supreme Court of Texas.

June 21, 2001.

Rehearing Overruled Sept. 20, 2001.

John Wesley Wauson, Wauson & Associates, Houston, for petitioner.

Carl Halla, Jr., Halla & Purcell, Houston, for respondent.

PER CURIAM.

The court of appeals held that a suit to enforce provisions of an agreement settling prior litigation that were not included in the final, agreed judgment in that case is an impermissible collateral attack on the agreed judgment. 14 S.W.3d 338. We disagree.

Compania Financiara Libano, S.A. and Armando Fong Najarro (collectively, "Compania") sued William H. Simmons and Mary Simmons Hensley (collectively, "Simmons"), as well as others, alleging the fraudulent transfer of certain property interests. The parties settled by written agreement calling for Simmons to transfer certain property interests to Compania, for an agreed judgment to be rendered that Compania recover $25,000 from Simmons and that Simmons take nothing against Compania, and for the parties to execute mutual releases. The parties filed their agreement with the trial court pursuant to Rule 11, Tex.R. Civ. P., and the court signed the agreed judgment. The judgment did not refer to the property transfers or releases called for in the agreement, and contained a Mother Hubbard clause stating that "all relief not expressly granted herein by way of claim or counterclaim is denied." Compania filed a timely motion to modify the judgment to include other provisions of the settlement agreement. The court never ruled on the motion, and it was denied by operation of law.

Less than a year later, Compania sued Simmons to compel performance of the settlement agreement, asserting claims for breach of contract, fraud, tortious interference, and specific performance. The trial court granted partial summary judgment for Compania on the breach of contract claim and after a bench trial rendered judgment for Compania on its other claims, ordering specific performance and awarding attorney fees. A divided court of appeals reversed, holding that Compania's suit was an impermissible collateral attack on the agreed judgment in the earlier case. 14 S.W.3d 338 (Tex.App.—Houston [14th Dist.] 2000). The court concluded that "the prior agreed judgment barred the subsequent action in this case under the doctrine of res judicata", 14 S.W.3d at

341, and that the settlement had been merged into the agreed judgment, especially in view of the Mother Hubbard clause, *id.*

The doctrine of res judicata in Texas holds that a final judgment in an action bars the parties and their privies from bringing a second suit " 'not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit.' " *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630 (Tex.1992) (quoting *Texas Water Rights Comm. v. Crow Iron Works*, 582 S.W.2d 768, 771–772 (Tex.1979) (emphasis omitted)). Compania's causes of action in the instant case could not have been brought in the prior suit because Simmons had not yet breached their settlement agreement. The Mother Hubbard clause in the agreed judgment could not dispose of claims that did not exist. Accordingly, the court of appeals erred in concluding that Compania's suit is barred by res judicata.

The court of appeals did not explain what it intended by referring to "the doctrine of merger". It may have meant one of the principles underlying res judicata. *See Jeanes v. Henderson*, 688 S.W.2d 100, 103 (Tex.1985) ("Res judicata, or claim preclusion, involves the dual principles of merger and bar. On the one hand, if a plaintiff prevails in a lawsuit, his cause of action merges into the judgment and the cause of action dissolves."). If so, then as we have explained, Compania's action to enforce the settlement agreement could not have been merged into the agreed judgment because it did not yet exist. Alternatively, the court of appeals might have intended to refer to the merger doctrine that " '[w]hen a deed is delivered and accepted as performance of a contract to convey, the contract is merged in the deed.

Though the terms of the deed may vary from those contained in the contract, still the deed must be looked to alone to determine the rights of the parties.' " *Alvarado v. Bolton*, 749 S.W.2d 47, 48 (Tex.1988) (citation omitted). This doctrine has no application to settlement agreements and agreed judgments. Accordingly, the court of appeals erred in concluding that Compania's suit is barred by any doctrine of merger.

Section 154.071, Tex. Civ. Prac. & Rem. Code, states in part:

(a) If the parties reach a settlement and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract.

(b) The court in its discretion may incorporate the terms of the agreement in the court's final decree disposing of the case.

Nothing in the parties' settlement agreement indicates that they intended for any of its provisions to be included in the agreed judgment in order to be enforceable. Moreover, by permitting without requiring incorporation of settlement terms in a final judgment, the statute suggests that such terms may be enforced as contract rights regardless of whether they have been incorporated into a judgment.

Simmons argues that Compania acknowledged that settlement terms not incorporated into the agreed judgment were unenforceable by moving to modify the judgment to include them. Simmons cites no authority for this argument, and we know of none. Compania responds that the motion was filed only to delay the finality of the judgment and provide Simmons with additional time to comply. Regardless of Compania's motive for filing the motion, it did not render portions of the settlement agreement unenforceable.

Parties often choose to include terms of a settlement agreement in a final judgment so that they can be enforced as a judgment, but it is also true that parties often choose not to incorporate settlement terms in the final judgment. Indeed, parties often simply have the case dismissed and rely entirely on their agreement for protection of their respective rights. Settlement terms need not be incorporated into a judgment to be enforceable.

Accordingly, we grant Compania's petition for review and, without hearing argument, reverse the judgment of the court of appeals and affirm the judgment of the trial court. TEX.R.APP. P. 59.1