Opinion issued August 15, 2002










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00755-CV

____________


IN RE WILLIAM H. SIMMONS, MARY SIMMONS HENSLEY,

INDIVIDUALLY AND AS TRUSTEE, AND THE W.H. SIMMONS TRUST,
Relators







Original Proceeding on Petition for Writ of Mandamus






O P I N I O N

 Relators have filed a petition for writ of mandamus complaining of the trial
court's (1) denial of their motion for judgment nunc pro tunc in cause no. 96-56962
following their unsuccessful appeal from the original judgment. Relators were party
to a 1991 lawsuit involving some real estate interests. A settlement was reached in
1996 that required relators to convey some property to the real parties in interest,
Compania Financiera Libano, S.A. and Armando Fong Najarro, and required the
parties to execute a mutual release. An agreed judgment was entered disposing of the
suit. Relators apparently refused to convey the property, and the real parties in
interest filed the underlying suit to enforce the settlement.

 In 1998, the trial court granted summary judgment to the real parties in interest,
finding the settlement enforceable, and ordered relators to convey the property. 
Relators appealed on the ground that the agreed judgment entered in the 1991 suit
following the 1996 settlement did not refer to the conveyances or the release and thus
barred enforcement of those settlement terms by res judicata. The Fourteenth Court
of Appeals agreed and reversed the judgment, but the Supreme Court reversed the
court of appeals and affirmed the trial court judgment in June, 2001. See Simmons
v. Compania Financiera Libano, S.A., 14 S.W.3d 338 (Tex. App.--Houston [14th
Dist.] 2000), rev'd, Compania Financiera Libano, S.A. v. Simmons, 53 S.W.3d 365
(Tex. 2001) (per curiam).

 When relators still failed to convey the property after the appeal was over, the
real parties in interest filed a motion for contempt in the trial court in April, 2002. 
Relators responded by filing a motion for judgment nunc pro tunc, asking the trial
court to "correct" its 1998 judgment to add an order of specific performance by the
real parties to execute the mutual release. At the contempt/nunc pro tunc hearing, the
court refused to sign a judgment nunc pro tunc changing its 1998 judgment, and
relators tendered executed conveyances and the release to the trial court for safe
keeping pending the outcome of this mandamus proceeding. Apparently, the real
parties in interest are refusing to execute the mutual release in exchange for the
conveyances for some undisclosed reason. 

 It appears to the Court that relators should have addressed their complaint
about the judgment in their appeal. Moreover, to succeed on their petition for writ
of mandamus, relators must demonstrate that they have no adequate remedy at law. 
In re Fuselier, 56 S.W.3d 265, 268 (Tex. App.--Houston [1st Dist.] 2001, orig.
proceeding). Here, relators have an adequate remedy at law: an action for breach of
the settlement agreement. Thus, mandamus will not issue.

 Furthermore, although a nunc pro tunc judgment may be used to correct clerical
errors in a judgment, it may not be used to correct judicial omissions. Before a
judgment nunc pro tunc may be entered, there must be proof that the proposed
judgment was actually rendered or pronounced at an earlier time but that a clerical
mistake made the judgment as written incorrect. Stafford v. State, 63 S.W.3d 502
(Tex. App.--Texarkana 2001, pet. ref'd). Here, we have an alleged omission of a
term from the 1998 judgment. The only proof offered by relators is the trial court's
later finding of fact that the whole settlement was enforceable. Relators have
presented no proof that a different judgment was actually rendered, but incorrectly
recorded, before the judgment relators want to change.

 Moreover, where a party's attorney tenders a proposed judgment to the judge
and no evidence of a hearing is offered, the judge's signing of the judgment is the
rendering of the judgment, and all errors in the judgment are judicial errors. In re
Fuselier, 56 S.W.3d at 268. This Court has previously stated that: "[w]hen deciding
whether an error in a judgment is judicial or clerical, the court must look to the
judgment actually rendered, not the judgment that should or might have been
rendered." Id. at 267. Even if the court renders incorrectly, it cannot alter a written
judgment that precisely reflects the incorrect rendition. Id. A drafting error by a
party's attorney does not constitute clerical error. Id. at 268. Recitations and
provisions included in a judgment by the mistake of the attorney become a part of the
court's judgment as rendered and are thus judicial errors. Id. The trial court was
correct in denying the motion for judgment nunc pro tunc because relators are trying
to correct a judicial, rather than clerical, error in the original judgment, if there was
an error at all.

 We deny the petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Hedges, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.
1. The Honorable Brent Gamble, judge of the 270th District Court, Harris
County, Texas.