Opinion issued April 28, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00816-CV

———————————

American International Industries, Inc., Appellant

V.

Phillip
Scott, Surgicare, Inc., and Keith G. LeBlanc, Appellees



 



 

On Appeal from the 344th District Court

Chambers County, Texas



Trial Court Case No. CV24663

 



 

O P I N I O N

          Appellant,
American International Industries, Inc. (“AII”), appeals the trial court’s
summary judgment in favor of appellees, Phillip Scott, Surgicare, Inc., and
Keith G. LeBlanc (collectively, “Surgicare”). 
In four issues, AII argues that the trial court erred in (1) granting
Surgicare’s traditional motion for summary judgment on its res judicata defense
and on AII’s claims for breach of contract, declaratory relief, and suit to
remove a cloud on the title to real property; (2) granting Surgicare’s no-evidence
motion for summary judgment, to the extent that it did so, because (a) Surgicare
failed to specify the elements of AII’s claims for which Surgicare asserted
there was no evidence, (b) Surgicare bore the burden of proof on its res
judicata defense, and (c) AII’s declaratory judgment and breach of contract
claims raised purely legal issues; (3) awarding attorney’s fees to Surgicare,
because (a) the trial court improperly granted summary judgment and (b)
Surgicare’s counsel failed to properly segregate recoverable fees; and (4)
striking the affidavits of AII’s corporate representative and attorney.

          We affirm.

Background

          In
2003, Surgicare and Vincent Giammalva entered into an earnest money contract
for the sale of a piece of property located in Chambers County, Texas.  The deal between them fell through, and
Giammalva filed suit against Surgicare on November 20, 2003.  See
Vincent A. Giammalva v. Surgicare, Inc. et al., No. 20867 (344th District
Court, Chambers County, Tex. Nov. 13, 2006) (“the Giammalva case”).

          In
June 2004, Surgicare and AII entered into a separate agreement in which
Surgicare agreed to sell to AII five properties, including the Chambers County
property that was the subject of the Giammalva case (the “real estate
agreement”).  As part of the real estate
agreement, AII agreed to indemnify Surgicare for its attorney’s fees and
expenses in the Giammalva case.  Around
this same time, AII and Surgicare also entered into another agreement whereby
AII acquired Surgicare stock (the “stock agreement”).

          On
March 28, 2005, Surgicare filed a cross-action against AII in the Giammalva
case seeking contractual contribution and indemnity under the real estate agreement.  

On July 12, 2005, AII filed suit
against Surgicare in Harris County, alleging that Surgicare had breached the
stock agreement and had committed securities fraud.  See Am.
Intern’l Indus., Inc. v. Orion HealthCorp, Inc., f/k/a Surgicare, Inc., et al.,
No. 2005-44326 (80th District Court, Harris County, Tex., September 8, 2006) (“the
AII securities case”).

Eventually, all of the claims in
the Giammalva case were resolved except for Surgicare’s claim for indemnity
from AII under the real estate agreement. 
The trial court determined on February 2, 2006, that AII was liable for
indemnification of Surgicare’s losses in the Giammalva case, including
reasonable and necessary attorney’s fees and expenses.  A bench trial on the issue of the amount of
reasonable and necessary attorney’s fees occurred on March 21, 2006.

On September 8, 2006, in connection
with the AII securities case, the parties entered into a settlement agreement
(the “settlement agreement in the AII securities case”).  Surgicare and the other settling defendants
paid AII $750,000, and the parties agreed to release their claims against each
other.  This agreement resulted in the dismissal
with prejudice of the AII securities case.

On November 13, 2006, the trial
court in the Giammalva case awarded Surgicare $60,513.50 as reasonable and necessary
attorney’s fees, $3,420 as reasonable and necessary expenses, post-judgment
interest, and $17,500 as reasonable and necessary attorney’s fees in the event
of an unsuccessful appeal by AII.  AII
appealed the Giammalva case to this Court, but it did not originally file a
supersedeas bond.  AII did not present
the September 8, 2006 settlement agreement in the AII securities case to the
trial court in the Giammalva case or to this Court as part of its appeal of the
Giammalva case.  AII did not argue that
the September 8, 2006 settlement agreement from the AII securities case
released Surgicare’s indemnity claims under the real estate agreement in the Giammalva
case.  

While AII’s appeal of the Giammalva
case was pending, Surgicare took steps to enforce the trial court’s judgment in
its favor in that case by ordering and recording an abstract of judgment and
taking steps toward obtaining a writ of execution.  AII eventually posted a supersedeas bond, and
Surgicare suspended its efforts to collect on the judgment in the Giammalva
case while the appeal was pending in this Court.

This Court affirmed the trial
court’s award of attorney’s fees in the Giammalva case in an opinion issued on
July 17, 2008.  See Am. Intern’l Indus., Inc. v. Surgicare, Inc., No.
01-07-00116-CV, 2008 WL 2756601 (Tex. App.—Houston [1st Dist.] July 17, 2008, no
pet.) (mem. op).

On January 23, 2009, AII filed a
new suit against Surgicare in Chambers County, Texas (the instant case), seeking
a declaratory judgment that under the September 8, 2006 settlement agreement in
the AII securities case, Surgicare had released all of its claims against AII
in the Giammalva case, including its claim for indemnity in the Giammalva case.  AII also alleged that Surgicare had breached
the settlement agreement in the AII securities case, that Surgicare was
required to indemnify AII under the terms of the settlement agreement in that
case, and that it was entitled to remove the cloud on the title to the property
on which Surgicare had recorded its abstract of judgment in the Giammalva case.[1]  Surgicare answered, arguing that the doctrine
of res judicata barred AII’s claims and seeking attorney’s fees under the Uniform
Declaratory Judgment Act.

Surgicare moved for summary
judgment asserting both traditional and no-evidence grounds.  Surgicare argued that AII’s claims relating
to the release of Surgicare’s claims included in the September 8, 2006
settlement agreement in the AII securities case were barred by the doctrine of res
judicata and that it was entitled to judgment as a matter of law on AII’s
declaratory judgment and breach of contract claims in the instant case.  Surgicare also argued that AII’s indemnification
claims in the instant case were barred because the settlement agreement in the
AII securities case did not include an enforceable indemnity provision and that
AII’s action to remove a cloud on its title in the instant case was barred
because Surgicare did “not do[] anything it was not legally permitted to do in
the context of obtaining the writ of execution and the abstracts of
judgment.”  Finally, Surgicare argued that
it was entitled to attorney’s fees in the instant case under the Uniform Declaratory
Judgment Act, and counsel for Surgicare provided an affidavit in support of
Surgicare’s claim for attorney’s fees.

AII responded to the motion for
summary judgment and attached the affidavit of Daniel Dror, a corporate
representative of AII, who attested to various facts supporting AII’s claims,
and the affidavit of Jerry Shutza, AII’s counsel, regarding attorney’s fees.  AII also objected to Surgicare’s evidence as
to attorney’s fees “because it fail[ed] to segregate the time and fees between
causes of action, defense, and remedies sought.”

On Surgicare’s motion, the trial
court struck Dror’s and Shutza’s affidavits and ordered “that [Surgicare’s]
Motion for Summary Judgment is in all things GRANTED,” that AII “take nothing
by its action,” “that the doctrine of res judicata applies in this case and
thus all of [AII’s] claims arising under the September 2006 Settlement
Agreement between the parties, among others, are hereby forever
extinguished.”  The trial court also
awarded Surgicare $44,785.37 in attorney’s fees and litigation expenses, with
additional attorney’s fees contingent upon an unsuccessful appeal.

Summary Judgments

          In
its first issue, AII challenges the trial court’s summary judgment in favor of
Surgicare on its res judicata defense.

A.      Standard of Review

We review a trial court’s grant of summary judgment de
novo.       Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003).  To
prevail on a traditional summary judgment motion, the movant has the burden of
proving that it is entitled to judgment as a matter of law and that there are
no genuine issues of material fact.  Tex. R. Civ. P. 166a(c); Cathey v.
Booth, 900 S.W.2d 339, 341 (Tex. 1995). 
Res judicata is an affirmative
defense.  Tex. R. Civ. P. 94; W.
Dow Hamm III Corp. v. Millennium Income Fund, L.L.C., 237 S.W.3d 745, 755
(Tex. App.—Houston [1st Dist.] 2007, no pet.). 
A defendant is entitled to summary judgment based upon an affirmative
defense when the defendant proves all elements of the affirmative defense.  Henry
v. Masson, No. 01-07-00522-CV, 2010 WL 5395640, at *16 (Tex. App.—Houston
[1st Dist.] Dec. 31, 2010, no pet.) (citing Havlen
v. McDougall, 22 S.W.3d 343, 345 (Tex. 2000)).  When, as here, the
trial court’s summary judgment order does not state the basis for the trial
court’s decision, we must uphold the order if any of the theories advanced in
the motion are meritorious.  Knott, 128 S.W.3d at 216.

B.      Res Judicata

Surgicare argues that AII’s claims
are barred by the doctrine of res judicata. 
AII argues that Surgicare failed to establish its entitlement to summary
judgment on this affirmative defense.  AII
argues that res judicata does not apply to its claims because it is attacking
actions taken to collect the judgment in the Giammalva case after the final
judgment was rendered; thus, because the complained-of acts occurred after the
trial court rendered final judgment, its claims in the instant case arising
from those acts could not have been brought in the previous litigation.  We disagree with AII.

          Although AII claims that it is raising issues that could
not have been brought in the Giammalva case, it is in reality attempting to
assert the defense of release.  See C/S Solutions, Inc. v. Energy Maint.
Servs. Group, LLC, 274 S.W.3d 299, 306–07 (Tex. App.—Houston [1st Dist.]
2008, no pet.) (examining substance of party’s “nonsuit” in determining it was
actually amended pleading) (citing State
Bar v. Heard, 603 S.W.2d 829, 833 & n.5 (Tex. 1980) (“We look to the
substance of a plea for relief to determine the nature of the pleading, not
merely at the form of title given to it.”)); Pickell v. Brooks, 846 S.W.2d 421, 424 n.5 (Tex. App.—Austin 1992,
writ denied) (holding that court must ascertain the true nature of plaintiff’s
claims and not exalt form over substance).  Release is an affirmative defense.  Tex.
R. Civ. P. 94.  A release is a writing which provides
that a duty or obligation owed to one party to the release is discharged
immediately or upon the occurrence of a condition.  Henry,
2010 WL 5395640, at *16.  A release of a claim or cause of action
extinguishes the claim or cause of action.  Id. (citing Dresser Indus., Inc. v.
Page Petroleum, Inc., 853 S.W.2d 505, 508 (Tex. 1993)).

          Res judicata precludes the relitigation of a finally
adjudicated claim and related matters that should have been litigated in a
prior suit.  State & Cnty. Mut. Fire Ins. Co. v. Miller, 52 S.W.3d 693, 696
(Tex. 2001) (citing Barr v. Resolution
Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992)).  The doctrine bars matters actually litigated
and causes of actions or defenses that arise out of the same subject matter and
that could have been litigated in the first suit.  Barr,
837 S.W.2d at 630.  “[A] claimant
generally cannot pursue one remedy to an unfavorable conclusion and then pursue
the same remedy in another proceeding before the same or a different
tribunal.”  Igal v. Brightstar Info. Tech. Group, Inc., 250 S.W.3d 78, 86 (Tex.
2007).  Texas follows the transactional
approach to res judicata, which requires that a defendant bring as a
counterclaim any claim arising out of the transaction or occurrence that is the
subject matter of the opposing party’s suit. 
Miller, 52 S.W.3d at 696.  For
res judicata to apply, these elements must be present: (1) a prior final
judgment on the merits by a court of competent jurisdiction; (2) the same
parties or those in privity with them; and (3) a second action based on the
same claims as were raised or could have been raised in the first action.  Igal,
250 S.W.3d at 86.

          Here, the November 13, 2006 judgment in the Giammalva case
awarding Surgicare attorney’s fees and expenses is a prior final judgment on
the merits by a court of competent jurisdiction.  Furthermore, neither party in the present
case contests that they are the same parties subject to the judgment in the
Giammalva case.  The dispute arises over
the third element—whether
this present case is based on claims that were raised or could have been raised
in the Giammalva case.

          AII cites Compania
Financiara Libano, S.A. v. Simmons,
53 S.W.3d 365 (Tex. 2001), to support
its argument that its current claims could not have been brought prior to the
trial court’s entry of final judgment in the Giammalva case because Surgicare
did not breach the September 2006 settlement agreement—by attempting to enforce the Giammalva case’s
judgment—until after that judgment
was entered.  However, Compania is distinguishable from the
instant case.  In Compania, the parties reached a settlement agreement in the
original lawsuit, concurrently with the judgment, which anticipated that the
parties would perform certain acts in the future to resolve the original
dispute.  Id. at 367.  The plaintif in Compania brought the second suit when
the other party failed to perform the future acts stipulated in their
agreement.  Id.  Here, however, the
September 2006 settlement agreement in the AII securities case was formed
months before judgment was entered in the Giammalva case, and the settlement
agreement did not contemplate any future performance regarding the Giammalva
case.

          The substance of AII’s pleadings shows that its claims in
the instant case for declaratory judgment, breach of contract, indemnity, money
had and received, and removal of a cloud on its title to real property are all
premised on its contention that the September 8, 2006 settlement agreement in
the AII securities case released Surgicare’s claims for indemnity in the
Giammalva real estate case.  The
Giammalva case had been filed and was pending at the time the release was
executed in the AII securities case. 
Therefore, AII could have presented its argument regarding Surgicare’s
alleged release of its claim for indemnity to the trial court in the Giammalva
case before it entered its November 13, 2006 judgment in favor of Surgicare,
but AII did not do so.  Nor did it raise
the issue of release in its appeal of the Giammalva judgment to this
Court.  Because this affirmative defense
of release could have been brought in the prior litigation, it is now barred by
res judicata.  See Miller, 52 S.W.3d at 696; see
also Barr, 837 S.W.2d at 630 (“The scope of res judicata is not limited to
matters actually litigated; the judgment in the first suit precludes a second
action by the parties and their privies not only on matters actually litigated,
but also on causes of action or defenses which arise out of the same subject
matter and which might have been litigated in the first suit.”) (original
emphasis omitted).

Thus, Surigare established as a
matter of law that res judicata barred all of AII’s claims in the instant case because
each claim was contingent on AII’s argument that Surgicare released its claims
against AII and then attempted to enforce the Giammalva judgment in
contravention of that agreement.  The
trial court did not err in granting summary judgment on this ground and
ordering that AII take nothing on its claims. 
See Henry, 2010 WL 5395640, at
*16.

Because we conclude that the trial
court’s summary judgment was proper on this ground, we do not address AII’s
second issue concerning Surgicare’s no-evidence motion for summary judgment.

          We overrule
AII’s first and second issues.

Attorney’s Fees

          In
its third issue, AII challenges the trial court’s award of attorney’s fees by
arguing that the trial court improperly granted Surgicare’s motion for summary
judgment on AII’s declaratory judgment claim. 
Because we have determined that the trial court’s summary judgment was proper,
we overrule this part of AII’s third issue.

          AII
also argues that the award of attorney’s fees was improper because Surgicare’s
attorney failed to properly segregate the recoverable fees.  Attorney’s fees are recoverable only when
provided for by statute or by the parties’ agreement.  Doss v.
Homecomings Fin. Network, Inc., 210 S.W.3d 706, 711 (Tex. App.—Corpus
Christi 2007, pet. denied) (citing Dallas
Cent. Appraisal Dist. v. Seven Inv. Co., 835 S.W.2d 75, 77 (Tex. 1992)).  Surgicare sought attorney’s fees for
defending against AII’s claims under the Uniform Declaratory Judgment Act
(“UDJA”).  Reasonable and necessary
attorney’s fees may be awarded in any proceeding utilizing the UDJA if they are
equitable and just.  Id. at 711–12; see Tex. Civ. Prac. & Rem. Code Ann. §
37.009 (Vernon 2008) (“In any proceeding under this chapter, the court may
award costs and reasonable and necessary attorney’s fees as are equitable and
just.”).[2]

          “The
UDJA is a procedural device for deciding cases already within a court’s subject
matter jurisdiction.”  Doss, 210 S.W.3d at 712 (citing Tex. Civ. Prac. & Rem. Code Ann. §§
37.001–.011 (Vernon 2008) and State v.
Morales, 869 S.W.2d 941, 947 (Tex. 1994)). 
“A litigant’s request for declaratory relief cannot confer jurisdiction
on the court, nor can it change the basic character of a suit.”  Id. (citing
Morales, 869 S.W.2d at 947).  The UDJA provides:

A person interested under a
deed, will, written contract, or other writings constituting a contract or
whose rights, status, or other legal relations are affected by a statute,
municipal ordinance, contract, or franchise may have determined any question of
construction or validity arising under the instrument, statute, ordinance,
contract, or franchise and obtain a declaration of rights, status, or other
legal relations thereunder.

 

Tex. Civ. Prac. & Rem.
Code Ann. § 37.004.

We review a
trial court’s award of attorney’s fees for an abuse of discretion.  Bocquet
v. Herring, 972 S.W.2d 19, 21 (Tex. 1998); see also Gilbert v. City of El Paso, 327 S.W.3d 332, 336 (Tex.
App.—El Paso 2010, no pet.) (“An award of attorney’s fees under the UDJA is
within the trial court’s discretion.”).  A
trial court abuses its discretion when it acts without regard for any guiding
rules or principles.  Owens-Corning Fiberglas Corp. v. Malone,
972 S.W.2d 35, 43 (Tex. 1998).  In Tony Gullo Motors I, L.P. v. Chapa, the
Texas Supreme Court held that parties claiming attorney’s fees must “segregate
fees between claims for which they are recoverable and claims for which they
are not” and are “required to show that attorney’s fees were incurred while
suing the defendant sought to be charged with the fees on a claim which allows
recovery of such fees.”  212 S.W.3d 299,
311 (Tex. 2006) (quoting Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10 (Tex. 1991)).  “Intertwined facts” do not make fees for
unrecoverable claims recoverable.  Id. at 313–14.  “[I]t is only when discrete legal services
advance both a recoverable and unrecoverable claim that they are so intertwined
that they need not be segregated.”  Id.  Thus, “[i]f any attorney’s fees relate solely
to a claim for which such fees are unrecoverable, the claimant must segregate
recoverable from unrecoverable fees.”  7979 Airport Garage, L.L.C. v. Dollar Rent A
Car Sys., Inc., 245 S.W.3d 488, 506 (Tex. App.—Houston [14th Dist.] 2007,
pet. denied) (citing Chapa, 212
S.W.3d at 313–14).  The supreme court in Chapa further stated,

There
may, of course, be some disputes about fees that a trial or appellate court
should decide as a matter of law.  For
example, to prevail on a contract claim a party must overcome any and all
affirmative defenses (such as limitations, res
judicata, or prior material breach), and the opposing party who raises them
should not be allowed to suggest to the jury that overcoming those defenses was
unnecessary.  But when, as here, it
cannot be denied that at least some of the attorney’s fees are attributable
only to claims for which fees are not recoverable, segregation of fees ought to
be required. . . .

 

Chapa, 212 S.W.3d at 314 (emphasis added).

Attorneys are not required to keep
separate time records when drafting parts of a petition or completing other
tasks that relate to claims for which attorney’s fees are unrecoverable.  7979
Airport Garage, 245 S.W.3d at 506 (citing Chapa, 212 S.W.3d at 313–14).  Rather, an attorney may testify, for example,
“that a given percentage of the drafting time would have been necessary even if
the claim for which attorney’s fees are nonrecoverable had not been asserted.”  Id.  The party seeking to recover attorney’s
fees bears the burden of demonstrating that segregation is not required.  See
Hong Kong Dev., Inc. v. Nguyen, 229 S.W.3d 415, 455 (Tex. App.—Houston [1st
Dist.] 2007, no pet.).

Here, AII alleged that “the
Settlement Agreement released all claims which existed at the time the
Settlement Agreement was executed, which included the claims which had been
asserted in the [Giammalva case]” and sought a declaratory judgment that “all
claims asserted by [Surgicare] against AII, including the judgment in the
[Giammalva case] have been released.” 
AII also alleged that Surgicare’s enforcement of the Giammalva judgment
constituted a breach of the settlement agreement, that Surgicare agreed to
indemnify AII from all released claims, and that the abstracts of judgment filed
by Surgicare in its efforts to collect on the Giammalva judgment “have placed a
cloud on the title to all real property owned by AII” and must “be stricken . .
. and removed as a cloud on the title to any and all real property owned by
AII.”  

Surgicare generally denied AII’s
claims and asserted several affirmative defenses including collateral estoppel,
res judicata, waiver, lack of due diligence, and unclean hands.  Surgicare subsequently filed a motion for
summary judgment arguing that AII’s claims that the September 2006 settlement
agreement released all of Surgicare’s claims against AII were barred by the
doctrine of res judicata, that AII’s indemnification claims in the instant case
were barred because the settlement agreement in the AII securities case did not
include an enforceable indemnity provision, and that AII’s action to remove a
cloud on its title in the instant case was barred because Surgicare did “not
do[] anything it was not legally permitted to do in the context of obtaining
the writ of execution and the abstracts of judgment.”  Surgicare sought attorney’s fees under the UDJA.


Surgicare argues that the actions
it took in defending itself against AII’s request for a judgment declaring that
Surgicare released its claims in the Giammalva real estate case by executing
the settlement agreement in the AII securities case were inextricably
intertwined with its defense against the rest of AII’s claims in the instant
case for breach of contract, indemnity, money had and received, and removal of
a cloud on its title to real property because all of AII’s claims were premised
on the underlying argument of release and because all of those claims are
addressed by Surgicare’s res judicata defense. 

Surgicare’s
attorney submitted an affidavit as summary judgment proof detailing the
specific legal services provided and the total costs of those services, and she
attached copies of the pleadings and various written motions and other evidence.  The record reflects that all of the legal services outlined
in the affidavit and sought as attorney’s fees would have been necessary even
if the declaratory judgment claim had been the only claim asserted by AII.  All
of Surgicare’s pleadings and motions were necessary to address the
interpretation and application of the September 2006 settlement agreement’s
provisions, which was properly the subject of AII’s UDJA claim.  See Tex. Civ. Prac.
& Rem. Code Ann. § 37.004; Doss, 210 S.W.3d at 711–12.  Thus, this is a dispute about legal fees that
can be decided as a matter of law.  See Chapa, 212 S.W.3d at 314.  The affidavit of Surgicare’s attorney and the
accompanying evidence support a conclusion that there were no attorney’s fees claimed
that related solely to a claim for which such fees were unrecoverable—all of the attorney’s drafting time
would have been necessary even if the claim for which attorney’s fees are
nonrecoverable had not been asserted—so no segregation of fees was necessary.  See
Chapa, 212 S.W.3d at 313–14; 7979
Airport Garage, 245 S.W.3d at 506. 

          We overrule
AII’s third issue.

Affidavits

In its fourth issue, AII argues
that the trial court erred in striking the affidavits of its corporate
representative, Daniel Dror, and its attorney, Jerry Shutza.  Because we have resolved AII’s complaints as
a matter of law, these evidentiary issues are moot.

          We overrule
AII’s fourth issue.




 

Conclusion

          We affirm
the trial court’s judgment.

 

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.











[1]
          AII also added a cause of action
for “money had and received” in a subsequent amended petition.





[2]
          We also note that attorney’s
fees are recoverable for claims arising out of an oral or written contract,
like AII’s claims for breach of contract and indemnity.  See Tex. Civ. Prac. & Rem. Code Ann. §
38.001(8) (Vernon 2008) (“A person may recover reasonable attorney’s fees from
an individual or corporation, in addition to the amount of a valid claim and
costs, if the claim is for . . . an oral or written contract.”).