**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00351-CV**

_____

**IN RE BANK OF AMERICA, N.A., BANK OF AMERICA
CORPORATION AND COUNTRYWIDE HOME LOANS, INC.**

**Original Proceeding**

**MEMORANDUM OPINION**

Bank of America, N.A., Bank of America Corporation, and Countrywide Home Loans, Inc. request mandamus relief from a pretrial sanctions order. The trial court imposed a pretrial sanction for breach of an agreement. Relators are entitled to have the case decided on the merits of the claim under the applicable rules of procedure. We therefore conditionally grant mandamus relief.

BACKGROUND

This lawsuit is the third of a series. The first, which real party in interest Trudie Crutchfield filed against Countrywide Home Loans, Inc. and Beal State Bank, SSB, alleged the defendants failed to honor a loan modification agreement and wrongfully

1

foreclosed on Crutchfield's property. That suit settled in 2008. Apparently the parties executed a mediated settlement agreement that provided for rescinding the foreclosure, modifying the principal amount of the loan, payment of attorney fees, execution of a release, and use of best efforts to remove derogatory credit reporting. The mandamus record includes a copy of a settlement agreement and release executed by Crutchfield.

In December 2011 Crutchfield filed a second lawsuit against Bank of America Corporation f/k/a Countrywide Homes Loans, Inc. and Bank of America, N.A. The petition stated that damages were less than $75,000.00. She alleged that Bank of America had not complied with the settlement agreement. She asserted a claim for breach of contract. The case settled. The parties executed a settlement agreement and release of claims through which they agreed to reduce the balance of Crutchfield's loan to zero, pay attorney fees, execute a request to credit reporting agencies, and dismiss the claim with prejudice. The settlement agreement was not filed with the court clerk or expressly incorporated in the dismissal order. The trial court signed an order granting the parties' joint motion to dismiss with prejudice.

Crutchfield filed a third lawsuit on May 7, 2012. She requested a temporary restraining order and temporary injunction of any foreclosure proceedings. Alleging she had received notice of a trustee's sale set for June 2012, she brought a claim against Bank of America Corporation f/k/a Countrywide Home Loans, Inc. and Bank of America, N.A.

2

for breach of the settlement agreements reached in the first two suits, and sought a declaratory judgment regarding her rights under the agreements.

SANCTIONS

Crutchfield filed a motion requesting sanctions in the amount of $300,000. Crutchfield alleged that relators intentionally and maliciously harassed her, justifying the imposition of sanctions under Texas Rule of Civil Procedure 13. *See generally* Tex. R. Civ. P. 13.

Relators challenged the application of Rule 13 to the enforcement of a settlement agreement, and claimed compliance with the settlement agreement by performing an account write-off approximately fifty days after the trial court signed the final order in the second suit. Relators also argued that imposing sanctions would modify the final judgment after the trial court's plenary power expired in the second suit.

At the hearing on the motion for sanctions, Crutchfield invoked the trial court's inherent power to impose sanctions for bad faith abuse of the judicial process. Crutchfield argued Bank of America committed this abuse in its collection efforts taken prior to her third lawsuit. Counsel for Bank of America noted the trial court's inherent powers were limited by due process to matters over which the court had plenary power.

The conduct made the basis of the motion for sanctions occurred before the third suit commenced. Crutchfield's counsel testified that Crutchfield had been the first of 300 plaintiffs who were subjected to demands for lump sum payments and penalties after the

3

lender granted a 90-day extension following Hurricane Rita. Counsel conceded that the last foreclosure notice was sent by mistake, but argued that the wrongful conduct "goes back to 2006." According to counsel, Crutchfield's credit reports still state that she owes $14,000 on her mortgage. In his opinion, a $300,000 sanction would be appropriate because the settlement agreements were not signed in good faith. Counsel stated that by breaching the settlement agreements, Bank of America had interfered with the trial court's legitimate exercise of power in the case now before the trial court. He argued Crutchfield can no longer trust relators to abide by agreements, and consequently she cannot enter into a Rule 11 agreement in this litigation. Counsel stated that Crutchfield was not seeking to modify any prior judgment, as "[t]his is a completely separate lawsuit."

At the conclusion of the June 27 hearing, the trial court announced its ruling imposing a $300,000 sanction payable in thirty days, an additional $300,000 if Crutchfield's credit was not corrected within ninety days, and an additional $300,000 if she receives another foreclosure notice. The trial court instructed the parties to "work out reasonable attorneys' fees" or another hearing would be scheduled.

On July 20, Crutchfield filed a motion for sanctions in the first lawsuit. On July 23, she filed a motion to consolidate the first and third lawsuits. Crutchfield submitted an attorney's fee affidavit in the third lawsuit on July 27, the same day that the trial court

4

signed orders consolidating the first and third lawsuits and imposing sanctions in the consolidated case.

The court withdrew the orally announced $300,000 sanction for failing to address the credit reporting issues because relators had attempted to rectify the failure before the written order was signed. The other sanctions remain in place. Concluding that sanctions were justified because the cost of litigation had not deterred relators, the trial court ordered them to pay attorney's fees in the amount of $20,000 to Crutchfield within thirty days.

## MANDAMUS

Mandamus relief is appropriate if the trial court has abused its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). Mandamus review of a significant ruling in an exceptional case may be essential to preserve important procedural rights. *Id.* at 136. Relief may be granted to set aside an order issued on the merits of a case after the trial court's plenary power expires. *In re Daredia*, 317 S.W.3d 247, 249-50 (Tex. 2010).

## POWER TO SANCTION

Crutchfield argues that the egregious and flagrant disregard of the settlement agreements justifies the pre-trial imposition of monetary sanctions in this breach of contract case. *See generally Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007) (requirement of direct nexus between improper conduct and the sanction). We first

consider whether the trial court possessed the authority to impose sanctions for the alleged conduct. In its order, the trial court invoked the rule of civil procedure addressing a party's responsibility for statements contained in court filings, the court's contempt power, and its inherent power to control court proceedings. *See* Tex. R. Civ. P. 13; *see also* Tex. Gov't Code Ann. § 21.002 (West 2004); *see also In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (a trial court has broad inherent contempt power); *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979) ("The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity.").

"A court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction." Tex. Gov't Code Ann. § 21.001(a) (West 2004). "As a general proposition, before a court may address the merits of any case, the court must have jurisdiction over the party or the property subject to the suit, jurisdiction over the subject matter, jurisdiction to enter the particular judgment, and capacity to act as a court." *See State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994).

Notwithstanding the post-hearing consolidation of the first and third lawsuits, the procedural posture of the three cases affects the scope of the trial court's authority to regulate the parties' conduct in this litigation by imposing sanctions. In the first suit, Crutchfield neither sought to enforce the agreement nor to rescind the agreement and

6

proceed to trial on her claim for Countrywide's breach of the agreement for a 90-day moratorium on her mortgage payments. Instead, she filed a second suit for breach of the agreements made in the first case. That case proceeded to a final judgment that fully and finally resolved the controversy relating to the breach of the settlement agreement reached in the first suit. "A case becomes moot when it appears that a party seeks to obtain judgment on a controversy when no controversy exists, or when a party seeks judgment on a matter that cannot have a practical legal effect on a then existing controversy." *Guidry v. Comm'rs Court of Jefferson Cnty.*, No. 09-11-00560-CV, 2012 WL 4017765, at \*3 (Tex. App.—Beaumont Sep. 13, 2012, no pet. h.). Once a case becomes moot, it must be dismissed. *See City of Garland v. Louton*, 691 S.W.2d 603, 604 (Tex. 1985).

When the terms of a settlement are incorporated into a final judgment, the agreement has the same degree of finality and binding force as one rendered by the court at the conclusion of adversary proceedings. *See Liberty Mut. Fire Ins. Co. v. Crane*, 898 S.W.2d 944, 948 (Tex. App.—Beaumont 1995, no writ). Settlement terms not incorporated in a judgment may be enforced by filing a suit asserting applicable claims for breach of contract, fraud, or specific performance. *See Compania Financiara Libano, S.A. v. Simmons*, 53 S.W.3d 365, 366 (Tex. 2001). The Supreme Court explained:

> Parties often choose to include terms of a settlement agreement in a final judgment so that they can be enforced as a judgment, but it is also true that parties often choose not to incorporate settlement terms in the final judgment. Indeed, parties often simply have the case dismissed and rely

7

> entirely on their agreement for protection of their respective rights. Settlement terms need not be incorporated into a judgment to be enforceable.

*Id.* at 368. The terms of a mediated settlement agreement may be enforced as contract rights regardless of whether they have been incorporated into a judgment. *Id.* at 367.

Although the second suit's settlement agreement is enforceable as a contractual agreement, an enforcement action must be based on proper pleading and proof. *See Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex.1983) "[A] claim for breach of settlement agreement is subject to the established procedures of pleading and proof." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009); *Staley v. Herblin*, 188 S.W.3d 334, 336-37 (Tex. App.—Dallas 2006, pet. denied) ("To allow enforcement of a disputed settlement agreement simply on motion and hearing would deprive a party of the right to be confronted by appropriate pleadings, assert defenses, conduct discovery and submit contested fact issues to a judge or jury."). Parties are entitled to have their cases decided on the merits. *Staley*, 188 S.W.3d at 336-37.

Generally, Texas Rule of Civil Procedure 13 does not support a trial court imposing sanctions relating to filings by a party in other lawsuits. *See Michels v. Zeifman*, No. 03-08-00287-CV, 2009 WL 349167, at *3-4 (Tex. App.—Austin Feb. 12, 2009, pet. denied) (mem. op.). None of the documents that are the basis of sanctions were signed or filed by Bank of America in the third lawsuit. And "[o]bligations that are merely

8

contractual cannot be enforced by contempt." *In re Coppock*, 277 S.W.3d 417, 420 (Tex. 2009).

ADEQUATE REMEDY

"The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008). Crutchfield argues that because relators have not shown that the sanctions imposed would prevent relators from defending this litigation, mandamus relief must be denied. *See Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991). The trial court has determined the merits of Crutchfield's breach of contract claim in a pre-trial order. The relator was ordered to pay pre-trial for having breached the settlement agreement. If Bank of America prevails at trial, it will have already paid, and if it loses at trial it will pay again. An eventual appeal cannot cure the error or preserve Bank of America's right to have the merits of this lawsuit determined in a proceeding in compliance with the Rules of Civil Procedure. *See Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 595 (Tex. 1996) (orig. proceeding) (An order that so skews the litigation process that the party benefitting from the imposition of the sanction has little incentive to resolve the dispute economically and efficiently cannot be adequately remedied by appeal.).

We conclude the trial court abused its discretion, and relators have no adequate remedy by appeal. The petition for writ of mandamus is therefore conditionally granted.

9

We are confident that the trial court will promptly vacate its order. The writ of mandamus shall issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on September 14, 2012
Opinion Delivered October 11, 2012

Before McKeithen, C.J., Gaultney and Kreger, JJ.