NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM F. WREN, a California resident, individually and on behalf of others similarly situated, | No.    22-56131 |
| | D.C. No. 5:21-cv-00178-JGB-SP |
| Plaintiff-Appellant, | |
| v. | MEMORANDUM* |
| TRANSAMERICA LIFE INSURANCE COMPANY, an Iowa corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted February 12, 2024
Pasadena, California

Before:  TASHIMA, CALLAHAN, and JOHNSTONE, Circuit Judges.

Appellant William Wren appeals the district court's grant of summary judgment in favor of Transamerica Life Insurance Company ("Transamerica"). Transamerica's predecessor-in-interest issued Wren a life insurance policy in 1990. After Transamerica allegedly refused to credit the cash value account of his policy

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

with increases (so-called "persistency bonuses"), Wren sued Transamerica in 2021 for breach of contract, contractual bad faith, and tortious bad faith. The district court granted Transamerica's motion for summary judgment, holding that Wren released any claims related to persistency bonuses by participating in a class action settlement that was approved by a Texas state court in 2000. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

A district court's order granting summary judgment is reviewed de novo. *Hesse v. Sprint Corp.*, 598 F.3d 581, 586–87 (9th Cir. 2010). Federal courts give the judgment of a state court the same preclusive effect that it would be given under the laws of that state. *See Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 373 (1996); 28 U.S.C. § 1738. Under Texas law, subsequent claims are precluded by a prior class action settlement if they are covered by the terms of that settlement *and* barred by claim preclusion principles. *See Bowden v. Phillips Petroleum Co.*, 247 S.W.3d 690, 697 (Tex. 2008). "Class suits remain subject to the same claim preclusion rules as other procedural forms of litigation." *Id.* (citing *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 451 (Tex. 2007)). Here, the parties dispute whether Wren's claims in this case "were raised or could have been raised in the first action"—an element of claim preclusion. *Id.* (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)). Because Wren's current

claims could not have been raised at the time of the prior class action suit in which he was a class member, we hold that his claims are not barred by claim preclusion.

In the prior class action, the named plaintiffs asserted claims related to the marketing, sale, and administration of certain life insurance policies, including the policy issued to Wren in 1990. With respect to persistency bonuses due on the twenty-year, thirty-year, and forty-year anniversaries of the polices, the class alleged that the defendants fraudulently induced class members to purchase policies by providing purchasers with erroneous, unrealistic, and unattainable assumptions about the promised bonuses. The class did not raise a breach of contract claim with respect to the denial of such bonuses because neither Wren's first persistency bonus, nor the persistency bonus owed to any other class member, was yet due. Accordingly, the class litigated claims that defendants had fraudulently misrepresented the likely size of the persistency bonuses but did not litigate claims that defendants had refused, or would refuse, to credit such bonuses in any amount.

Any claim that defendants would not credit the future persistency bonuses due under the policies was not ripe because it was uncertain and contingent at the time of the prior class action. *See Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000) ("A case is not ripe when determining whether the plaintiff has a concrete injury depends on contingent or hypothetical facts, or upon events that

have not yet come to pass."). For years after the original suit was settled, Wren received letters from Transamerica that implied he was eligible to earn future persistency bonuses if he continued to pay premiums and maintain his policy. In fact, in 2010 Transamerica credited Wren's cash value account with the twenty-year persistency bonus that was due to him, further illustrating that a claim premised on the non-payment of persistency bonuses was not ripe at the time of the prior class action because it would have depended upon conduct by Transamerica that might or might not occur in the future. Claim preclusion, in turn, "cannot bar a claim that was not ripe at the time the first lawsuit was filed." *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 706 (Tex. 2021) (citing *Compania Financiara Libano, S.A. v. Simmons*, 53 S.W.3d 365, 367 (Tex. 2001)).

Wren's current claims also are not subject to claim preclusion because they are based on allegations of conduct and injuries that are distinct from those asserted in the original class action.[1] *See id.* (holding that claims related to "post-trial actions" which "allege[d] damages that [plaintiff] did not suffer until after the [prior] trial" were not barred by claim preclusion). His claims as to the thirty-year persistency bonus did not arise until Transamerica stated that it would not credit any future persistency bonuses to him and then, in 2020, refused to credit his cash

---

[1] This Court does not express any opinion on the merits of Wren's claims.

value account with an increase on the thirtieth anniversary of his policy.[2] The conduct and injuries alleged in this suit are, therefore, separate and distinct from those that were litigated—or could have been litigated—in 2000. *Id.* at 706–07; *see also Foley v. Parlier*, 68 S.W.3d 870, 882–84 (Tex. App. 2002) (contrasting between an impermissible "double recovery" for a single injury and circumstances where recovery for separate injuries from fraud and breach of contract "are necessary to make the plaintiff whole"). Wren now seeks to recover for "substantively *different breaches* occurring at *different times* and causing *different legal injuries*." *Eagle Oil*, 619 S.W.3d at 707 (emphasis added).

Because Transamerica has not "conclusively established that [Wren's] claims in this suit either were brought or could have been brought in the [prior] suit," *id.*, Wren's claims are not precluded by the prior class action. We reverse and remand for further proceedings.

**REVERSED and REMANDED.**

---

[2] This Court also does not address whether Wren's claims as to the forty-year persistency bonus have accrued.